### KELSIE MORRISON v. STATE.

No. A-7006.   Opinion Filed Jan. 3, 1931.
(294 Pac. 825.)

370

Hamilton, Gross & Howard and Carl C. Wever, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

EDWARDS, P. J. This is an appeal prosecuted by Kelsie Morrison, plaintiff in error, hereinafter called defendant, from a judgment and sentence by the district court of Washington county, on a change of venue from

Osage county, wherein defendant was adjudged guilty of murder of one Anna Brown, an Osage Indian, and was sentenced to life imprisonment in the state penitentiary.

Of the several assignments of error presented, only two involving somewhat the same question will be discussed. Briefly stated, these questions are: First, error in overruling the motion to quash the information on the ground that there was no competent evidence on which to base it. Second, error in overruling defendant's plea in bar on the ground that he had been granted immunity by the district court of Osage county by his being a witness in case of the State v. Ernest Burkhart. Counsel for the state have not briefed this case. They have not confessed error, but stated at the time of the oral argument they could not defend the action of the prosecution in violating the agreement to grant immunity to defendant. That the testimony of defendant was very material to the state in the Burkhart case and was true. That the plea of immunity in the judgment of the Attorney General is well founded and should be sustained. But the question is of such importance they submit it to the court, without suggestion.

This case is one arising from a series of homicides a few years ago under what appeared to be a conspiracy to obtain by murder the property of wealthy Indians of the Osage Tribe. Prior to the time the information was filed against this defendant, there was pending in the district court of Osage county a case in which Ernest Burkhart was charged with the murder of one W. E. Smith by causing an explosion under his home in the town of Fairfax. In the trial of that case defendant was called as a witness to testify to matters and things within his knowledge tending to connect other persons with the murder of Smith and also tending to incriminate the defendant here in the

killing of Anna Brown. The testimony of this defendant was material in the Burkhart case; it tends to prove a conspiracy to murder and was that he with others conveyed Anna Brown to a ravine near the town of Fairfax, that he then went to the ranchhouse of William Hale, and pursuant to an agreement with Hale returned to the ravine with a pistol given him by Hale and shot and killed Anna Brown. Prior to testifying in that case defendant conferred with an Assistant Attorney General of the state and with a special prosecutor for the United States; he refused to testify until his rights were explained and he was informed by the court that he would not be prosecuted by reason of any incriminating testimony given. Relying upon the remarks, advice, and orders of the court, he testified as stated. A transcript of the proceedings which took place in the district court of Osage county is attached to the plea. At the conclusion of the inquiry, in the presence of the jury, the court said to defendant:

"The Court: The state has offered you as a witness in this case, and I understand you request the court to advise him of his constitutional rights. You are advised that you are not required to give evidence against yourself which might be used against you in any subsequent proceeding. Therefore, if you give evidence in this case, you will not be prosecuted by reason of the giving of any evidence which would incriminate you."

There is no contention but that the witness testified in that case after agreement with the prosecution that the testimony he might give would not be used against him and after being advised and directed to so do by the court. Some time later a peliminary complaint charging defendant with the murder of Anna Brown was filed before a magistrate of Osage county. The only evidence adduced against him and upon which he was held for the district court was a transcript of the testimony given by him in

the district court in the Burkhart case, with that of two witnesses, one of whom testified the transcript was correct and the other that he heard defendant so testify. Under the record this was not competent evidence against defendant. It was used in violation of the agreement made with defendant, in violation of the order of the district court and in violation of article 2, §§ 21 and 27, of the state Constitution, and should have been quashed. State v. Duncan et al. (Vt.) 6 Ann. Cas. 602; note.

A part of the Fifth Amendment of the Constitution of the United States is:

"No person* * * shall be compelled in any criminal case to be a witness against himself. * * *" This or similar language is found in the Constitution of most of the states. Article 2, § 21, of the Constitution of this state in part reads: "No person shall be compelled to give evidence which will tend to incriminate him. * * *"

Article 2, sec. 27, is:

"Any person having knowledge or possession of facts that tend to establish the guilt of any other person or corporation charged with an offense against the laws of the state, shall not be excused from giving testimony or producing evidence, when legally called upon to do so, on the ground that it may tend to incriminate him under the laws of the state; but no person shall be prosecuted or subjected to any penalty or forfeiture for or on account of any transaction, matter, or thing concerning which he may so testify or produce evidence."

The language of these sections of the Oklahoma Constitution is broader and more comprehensive than that of the federal Constitution. The federal cases construing the provision of the national Constitution have construed it liberally in favor of the accused. In the case of Counselman v. Hitchcock, 142 U. S. 547, 12 Ct. 195, 198, 35 L. Ed. 1110, it is said:

"It is impossible that the meaning of the constitutional provision can only be that a person shall not be compelled to be a witness against himself in a criminal prosecution against himself. It would doubtless cover such cases; but it is not limited to them. The object was to insure that a person should not be compelled, when acting as a witness in any investigation, to give testimony which might tend to show that he himself had committed a crime. The privilege is limited to criminal matters, but it is as broad as the mischief against which it seeks to guard.
\* \* \*

"It is an ancient principle of the law of evidence that a witness shall not be compelled, in any proceeding, to make disclosures or to give testimony which will tend to criminate him or subject him to fines, penalties, or forfeitures. Rex v. Slaney, 5 Car. & P. 213; Cates v. Hardacre, 3 Taunt. 424; Maloney v. Bartley, 3 Camp. 210; 1 Starkie, Ev. 71, 191; Case of Sir John Friend, 13 How. St. Tr. 16; Case of Earl of Macclesfield, 16 How. St. Tr. 767; 1 Greenl. Ev. § 451; 1 Burr's Tr. 244; Whart. Crim. Ev. (9th Ed.) § 463; Southard v. Rexford, 6 Cow. [N. Y.] 254; People v. Mather, 4 Wend. [N. Y.] 229 [21 Am. Dec. 122]; Lister v. Boker, 6 Blackf. [Ind.] 439."

See, also, Boyd v. U. S., 116 U. S. 616, 6 S. Ct. 524, 29 L. Ed. 746; Gouled v. U. S., 255 U. S. 298, 41 S. Ct. 261, 65 L. Ed. 647; Weeks v. U. S., 232 U. S. 383, 34 S. Ct. 341, 58 L. Ed. 652, L. R. A. 1915B, 834, Ann. Cas. 1915C, 1177; Ex parte Irvine (C. C.) 74 F. 954; In re Naletsky (D. C.) 280 F. 437, 440; 8 R. C. L. 125, § 101.

This court has had occasion to consider these provisions of the Constitution several times and has said that a constitutional provision should receive a broader and more liberal construction than is applied to statutes. Scribner v. State, 9 Okla. Cr. 465, 132 Pac. 933, Ann. Cas. 1915B, 381, note. That in order to secure immunity under section 27 of article 2, the incriminatory evidence given by

a witness in order to support a plea in bar must have been given under an agreement with the prosecuting attorney and approved by the court; or the witness must have claimed the privilege of silence which was denied by the court and the witness compelled by the court to testify; that the witness must act in good faith and testify fully and truthfully. Scribner v. State, supra; McConnell v. State, 18 Okla. Cr. 688, 107 Pac. 521, 523; Barnett v. State, 23 Okla. Cr. 363, 214 Pac. 948. The record before us discloses that defendant met fully the conditions necessary to secure immunity under these sections of the Constitution. He had an agreement with the prosecuting authority, which was approved by the court, and in addition he claimed the privilege of silence which was denied by the court with the explanation that, if he testified, he would not be prosecuted by reason of the giving of any evidence which would incriminate him. There is no claim that the testimony given was untruthful or that the witness did not testify fully as to all material facts within his knowledge. When he did that, he was immune from prosecution for and on account of any transaction, matter, or thing concerning which he testified. Where a defendant has met fully the conditions securing him immunity under sections 21 and 27 of the Bill of Rights on account of incriminatory evidence given by him as a witness for the state, and thereafter is prosecuted and convicted in violation of his constitutional right, this court will set aside and reverse the conviction.

The case is reversed and remanded, with instructions to dismiss.

DAVENPORT and CHAPPELL, JJ., concur.