## JOHN EDEN v. STATE.

No. A-8453.  Jan. 6, 1933.
Rehearing Denied Feb. 3, 1933.
(21 Pac. [2d] 775.)

J. W. Miller, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

CHAPPELL, J.   Plaintiff in error, hereinafter called defendant, was convicted in the district court of Delaware county of larceny of live stock, and his punishment fixed by the jury at imprisonment in the state penitentiary for a term of two years.

Defendant contends that the court erred in overruling his application for a continuance.

This application was based on the absence of W. P. Hollis.   It appears from the record that this witness had testified in the preliminary and that he was not cross-examined by defendant; that a transcript of his evidence was on file with the clerk of the court; that a few days before the time of trial, the state had a subpoena issued for this witness, which was returned "not found in Delaware County"; that thereupon the state had a subpoena issued for the witness to Ottawa county and service thereof ordered by the district judge, which subpoena was returned by the sheriff of Ottawa county showing that the witness was not found in such county.   Defendant had no subpoena issued and made no effort to take the deposition of the absent witness.   In the trial of the case this transcript of the evidence was read by the state, after a showing that the witness was not in the state.

It was not error, therefore, for the trial court to overrule this application for a continuance.

Defendant next contends that the court erred in overruling his plea for immunity.

In Scribner v. State, 9 Okla. Cr. 465, 132 Pac. 933, Ann. Cas. 1915B, 381, and Morrison v. State, 49 Okla. Cr. 369, 294 Pac. 825, this court had under consideration when and how a witness might obtain immunity under section 27 of the Bill of Rights, and there held that immunity could only be secured by the consent of the county attorney and upon the approval of the trial judge, or that the witness decline to testify and was compelled to do so by the court.

In the case at bar, the county attorney made no agreement and the court made no order granting immunity in return for his testimony in the case against his codefendant, and made no order requiring the defendant to testify over his objection; but on the contrary it appears from the record that defendant took the witness stand in the trial of his codefendant and testified voluntarily.

It appears from the record that after the court had denied defendant's plea of immunity and during the progress of the trial, the court erroneously permitted defendant to introduce other testimony on the question of immunity. After this testimony had been introduced, the court submitted the question of immunity to the jury, which found against defendant. While this latter procedure was unnecessary and unauthorized under the holdings of this court, it shows that defendant had two opportunities to be released in this case—one by the court and the other by the jury—and that both found against him on this question.

It was not error for the court to deny defendant's plea of immunity.

Other errors are complained of, but they are all without any substantial merit.

For the reasons stated, the cause is affirmed.

DAVENPORT, P. J., and EDWARDS, J., concur.