John Nelson EPPERSON, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–13543.

Court of Criminal Appeals of Oklahoma.

Oct. 13, 1965.

Duane Lobaugh, Oklahoma City, for plaintiff in error.

Hugh H. Collum, Asst. Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge.

John Nelson Epperson was convicted in the District Court of Oklahoma County for the offense of taking indecent liberties with a female child under the age of fourteen years in violation of Title 21 O.S. § 1123, and from a judgment and sentence fixing his punishment at ten (10) years imprisonment at the State Penitentiary, he appeals.

On appeal he seeks reversal on two assignments of error and modification on the third. They are (1) that the evidence was wholly insufficient to support the verdict of the jury, (2) that the trial court erred in admitting proof of a crime other than that charged in the information, and (3) that the punishment imposed by the jury is excessive.

In considering the first assignment of error it will be necessary to briefly set forth the facts as adduced from the record.

The uncontroverted evidence introduced on behalf of the state established that on the morning of September 4, 1963 at approximately 9:30 o'clock, defendant, a man fifty-two (52) years of age, was observed seated on a suitcase on the southeast corner of Oklahoma Street and 13th Street in Oklahoma City, Oklahoma. It was at this location that the three state witnesses testified that the defendant encountered a boy, age six (6), and his four (4) year old sister. Some conversation was held by the defendant and the two children, and the boy left the corner and later returned eating an ice cream cone. During his absence the defendant was observed playing with the young girl and placing his hands on her body and underneath her shorts.

The young boy returned and departed, and one of the witnesses telephoned the police dispatcher and reported the incident. During the telephone conversation, the defendant and the young girl were observed walking north on Oklahoma Street and they disappeared from the view of the witnesses, who after a short time found the defendant with the small child laying on the ground in a weed patch on a vacant lot in back of the business establishment of the witnesses. The girl's shorts were pulled down past her thighs. Witnesses held the defendant at the scene until the officers arrived and placed him under arrest, and the small girl was returned to her mother.

The defendant did not testify in his own behalf and called but a single witness to establish his defense—that he was incapable of forming the necessary intent to commit the act charged due to intoxication. The defendant's sister testified that on the morning in question the defendant appeared at her home in a state of intoxication, and that shortly before he was arrested he left her home in a state of intoxication and drunkenness.

The state produced as a rebuttal witness an officer who testified that at the time of defendant's arrest, defendant appeared to have been drinking but that he was not, in the opinion of the officer, drunk. This witness described the appearance of the defendant and his manner of speech at the time of the arrest.

This charge was laid under Title 21 O.S. § 1123, the pertinent part thereof providing:

"* * * or any such adult person who shall intentionally and designedly look upon, touch, maul or feel of the body of private parts of any child under the age of fourteen (14) years in any lewd or lascivious manner by any acts not amounting to the commission of any crime against public decency and morality, as may now be defined by the laws of Oklahoma; * * * shall be deemed guilty of a felony and upon conviction thereof, he shall be punished by imprisonment in the Oklahoma State Penitentiary for a term of not less than one (1) year nor more than twenty (20) years."

From the evidence adduced on the trial, it is abundantly clear that the defendant committed the acts charged in the information, and the only real issue for the consideration of the jury was whether the defendant had the necessary specific intent to commit said acts or whether he was in such a state of intoxication as to be incapable of forming said intent.

In Brown v. State, Okl.Cr., 404 P.2d 78, this Court stated:

"The subjective intent with which an act is done is seldom established by direct evidence, but must of necessity be determined by all of the attending facts and circumstances surrounding such act."

We are of the opinion and therefore hold that all of the facts and attending circumstances surrounding the offense for which the defendant stands convicted amply support the jury's finding that the defendant possessed the necessary criminal intent.

It is next contended that the trial court erred in admitting evidence of a crime other than that charged in the information. In support of this contention the defendant asserts that if the jury found and believed the testimony of the witnesses that the defendant placed his hand upon and underneath the shorts of the small girl while on the southeast corner of the intersection of Oklahoma Street and 13th Street in the manner charged in the information, said acts constituted an offense under the provisions of Title 21 O.S. § 1123, the pertinent part thereof being:

" * * * or any such adult person who shall intentionally and designedly look upon, touch, maul or feel of the body or private parts of any child under the age of fourteen (14) years in any lewd or lascivious manner by any acts not amounting to the commission of any crime against public decency and morality, as may now be defined by the laws of Oklahoma; * * *"

He contends that the court erred in admitting evidence tending to establish that the defendant thereafter enticed the small girl to accompany him to the vacant lot overgrown with weeds and obscured from view of bypassers. He argues that this evidence constitutes a separate and distinct offense from that charged in the information in that it also violates Title 21 O.S. § 1123 and is a separate and distinct offense under that portion which provides:

" * * * or any such adult person who shall designedly ask, invite, entice or persuade any child under the age of fourteen (14) years to go alone with him or her, or any other persons, to any secluded, remote or secret place, with the unlawful and wilful intent and purpose, then and there, to commit any crime against public decency and morality, as may now be defined by the laws of Oklahoma, with such child or to in any manner lewdly or lasciviously look upon, touch, maul or feel the private person or the private parts of such child in any indecent manner, or in any manner relating to sex matters or sex interest, shall be deemed guilty of a felony * * *".

■■ In considering this assignment of error we observe that the general rule is as stated in Roulston v. State, Okl.Cr., 307 P.2d 861, that when a defendant is put upon trial for one offense he is to be convicted, if at all, by evidence which shows that he is guilty of that offense alone and the admission of evidence of other crimes, either prior or subsequent to the offense for which he is on trial is inadmissible. To this general rule there are certain well established exceptions which are succinctly set forth in Cody v. State, Okl.Cr., 361 P.2d 307, 84 A.L.R.2d 997. They are that evidence of separate and similar offenses is admissible when it is material and proper to show (1) Motive, (2) Intent, (3) Absence of mistake or accident, (4) Identity of the person charged with the commission of the crime for which an accused is put on trial, and (5) Common scheme or plan embracing the commission of two or more crimes so related to each other that proof of one tends to establish the other.

■ It is clear that the trial court properly admitted the evidence tending to establish commission of another offense as showing motive and intent and that they were so closely related to each other that proof of one tended to establish the other. We are of the opinion and therefore hold that the trial court did not err in admitting such evidence.

■ It is next contended as a part of the defendant's second assignment of error that the trial court erred in failing to require the state to elect upon which offense it relied for conviction, that charged in the information or the different related offense admitted in evidence to show intent and as a part of the res gestae. It is unnecessary to make such election when, as in the instant case, the elements of the offense charged in the information differ from those of another offense properly

admitted into evidence under the exceptions set forth in Cody v. State, supra.

 If, however, as in Cody v. State, supra, more than one offense than that charged in the information having identical elements are admitted into evidence, it is the duty of the trial court to require the state to elect upon which of said offenses it relies for conviction, and in the event the state fails to make such election, it is the duty of the trial court to instruct the jury upon the first offense which the evidence tends to establish and limit the jury's consideration by proper instruction as to the purpose for which the other offense or offenses, are admitted for their consideration.

 It is further contended that the trial court erred in failing to instruct the jury as to the limited purpose for which such evidence was admitted. This assignment of error is not properly before the Court for the case-made does not contain the court's instructions, the defendant's requested instructions, if any, nor any exceptions to the instructions of the court. We follow the rule as set forth in Phillips v. United States, 2 Okl.Cr. 628, 103 P. 861 that when the case-made does not contain a copy of the instructions of the court to the jury, a statement, contained in a motion for a new trial, purporting to give such instructions, will not supply the omission; and alleged errors in the instructions given, or to the refusal of the court to give instructions requested, will not be considered on appeal.

 It is lastly contended that the punishment imposed by the jury is excessive. In Harrell v. State, Okl.Cr., 381 P.2d 164 this Court stated the rule that:

"The Court of Criminal Appeals will not modify a sentence alleged to be excessive unless it is convinced from an examination of the entire record that the verdict and sentence based thereon was manifestly excessive and apparently given under passion and prejudice."

 We have carefully examined the record and are of the opinion that the defendant was fairly tried, and the evidence amply supports the verdict of the jury. We observe that the maximum punishment for the offense charged is twenty years, and that on the evidence and record before us we cannot conscientiously say that said punishment is excessive or that it was imposed as a result of passion or prejudice.

For all of the reasons above set forth the judgment and sentence appealed from is affirmed.

NIX and BRETT, JJ., concur.