Gary Michael SCOBIE, Plaintiff in Error,

v.

STATE of Oklahoma, Defendant in Error.

Nos. A13782, A13719.

Court of Criminal Appeals of Oklahoma.

Nov. 3, 1965.

Rehearing Denied Nov. 24, 1965.

Gary M. Scobie, pro se.

Charles R. Nesbitt, Atty. Gen., and David Hall, County Atty., Tulsa, for defendant.

Jay D. Dalton, Tulsa, for plaintiff.

Charles R. Nesbitt, Atty. Gen., and David Hall, County Atty., Tulsa, for defendant.

BUSSEY, Presiding Judge.

On the 1st day of September, 1965, Gary Michael Scobie filed an application in this Court seeking to test the constitutionality of Senate Bill #152, said petition was docketed as A–13782. On the 24th day of June, 1965, petition in error with casemade attached was filed in this Court and docketed under A–13719. The issues raised in A–13782 and A–13719 will be consolidated in this opinion.

From the record it appears that Gary Michael Scobie was charged by information in the District Court of Tulsa County, case No. 19941 with the offense of forgery after former conviction of felonies. He was tried by a jury who found him guilty and fixed his punishment at twenty-five (25) years in the State Penitentiary at McAlester, Oklahoma.

Judgment and sentence was pronounced in accordance with the verdict of the jury on the 18th day of June, 1963. Timely notice of intent to appeal to this Court was duly filed, and the defendant's request for a casemade at public expense was granted by the trial court.

Thereafter, the public defender failed to perfect an appeal to the Court of Criminal Appeals within the time provided by law.

Scobie unsuccessfully sought a judicial review of his conviction by way of habeas corpus in this Court, and the same was denied.

Senate Bill #152 was enacted by the Oklahoma State Legislature and was signed by the Governor and became effective on the 2nd day of June, 1965. Senate Bill #152 provides:

"AN ACT RELATING TO CRIMINAL PROCEDURE: * * *

BE IT ENACTED BY THE PEOPLE OF THE STATE OF OKLAHOMA:

SECTION 1. (a) The Court of Criminal Appeals may entertain an appeal, after the original time in which an appeal should have been perfected has expired, when the Court determines that any person confined in any penitentiary or penal institution within the State of Oklahoma has been denied any right guaranteed to him by the Constitution of the United States or the Constitution of the State of Oklahoma relating to the right to appeal.

(b) The Court of Criminal Appeals may by appropriate rules prescribe the manner in which such determination shall be made, and may direct any inferior court to conduct hearings, make findings of fact, and transmit the same to said appellate court.

(c) In the exercise of said appellate jurisdiction, the Court of Criminal

Appeals may direct the preparation of a case made or transcript and the appointment of counsel, which cost shall be paid in the manner as otherwise provided by law. * * *".

On the 10th day of June, 1965, acting under authority of Senate Bill #152, supra, this Court entered an order directing the Presiding Judge of the Fourteenth Judicial District to appoint counsel to represent Scobie in perfecting an appeal from the judgment and sentence rendered against him in the District Court, case No. 19941. Such appeal was perfected to this Court and this cause was submitted on the record and the briefs of the respective parties on the 13th day of October, 1965.

It is urged by Scobie that Senate Bill #152 is unconstitutional for the reason that it authorizes a judicial review of a criminal conviction after the time allowed for perfecting said appeal has expired when the defendant has been denied any of his constitutional rights relating to an appeal. He urges that this statute violates the ex post facto provision of the Constitution. With this contention we cannot agree. Senate Bill #152 was enacted for the specific purpose of guaranteeing judicial review to indigent persons. This is precisely the right which Scobie has consistently urged he is being denied.

We are of the opinion and therefore hold that Senate Bill #152, as enacted by the Oklahoma State Legislature and approved by the Governor, is valid and not violative of any of the constitutional provisions of the United States or the State of Oklahoma.

On appeal counsel argues two assignments of error. They are: (1) the court erred in giving instruction #9, and (2) the verdict and sentence is the result of passion and prejudice and punishment assessed is excessive. The court's instruction #9 relates to a definition of reasonable doubt which was couched in the following language:

"A 'reasonable doubt' means a doubt founded upon reason. It does not mean a fanciful doubt, or a whimsical or capricious doubt, for anything related to human affairs and depending upon human testimony is open to some possible or imaginary doubt. When all the evidence in the case, carefully analyzed, compared and weighed by you, produces in your minds a settled conviction or belief of the defendant's guilt, such a conviction as you would be willing to act upon matters of the highest importance relating to your own affairs, when it leaves your minds in the condition that you feel an abiding conviction amounting to a moral certainty of the truth of the charge, then, and in that event you would be free from a reasonable doubt. Absolute or mathematical certainty is not required but there must be such certainty as satisfies your reason and judgment, and such that you feel conscientiously bound to act upon it."

Counsel correctly argues that this Court has uniformly criticized the giving of this instruction. See Wilson v. State, Okl.Cr., 403 P.2d 262, 265, and cases cited therein.

We observe that the defendant failed to object to the giving of the instruction and we have uniformly held that under such circumstances where no objection is made or exception taken to the giving of instructions at the time they are given, and said instructions are partially erroneous, the giving of such instructions is not reversible error, unless some constitutional or express statutory right of the defendant has been invaded. See Stokes v. State, Okl.Cr., 366 P.2d 425. While we are of the opinion that the court erred in giving Instruction #9, the giving of the same without an objection being interposed thereto is not of such a fundamental nature as to require reversal.

In considering defendant's second assignment of error, we follow the rule that:

"The Court of Criminal Appeals will not modify a sentence alleged to be ex-

cessive unless it is convinced from an examination of the entire record that the verdict and sentence based thereon was manifestly excessive and apparently given under passion and prejudice." Epperson v. State, Okl.Cr., 406 P.2d 1017.

We have carefully examined the record in the instant case, and are of the opinion that the evidence amply supports the verdict of the jury and that the record is free of fundamental error, and are of the further opinion that the punishment imposed, which is well within the range provided by law, is not excessive.

For all of the reasons above set forth the judgment and sentence appealed from is affirmed.

NIX and BRETT, JJ., concur.