**Audie A. DENTIS, Petitioner,**
**v.**
**The STATE of Oklahoma, Respondent.**
**No. A–13854.**

Court of Criminal Appeals of Oklahoma.
Nov. 29, 1967.

See also Okl.Cr.App., 411 P.2d 250.

Audie A. Dentis pro se.

G. T. Blankenship, Atty. Gen., for the State.

## MEMORANDUM OPINION

NIX, Presiding Judge:

Whereas, on August 29, 1967, the Attorney General of the State of Oklahoma filed in this Court, in the above styled matter, a "PETITION · FOR RE-CONSIDERATION OF THE COURT'S PREVIOUS DENIAL OF A DELAYED APPEAL", based on; and attached thereto; an order of the United States District Court, Eastern District of Oklahoma, dated June 26, 1967 [their case no. 6053–civil], wherein the Honorable Judge Edwin Langley states, in part:

"It is therefore by the Court ordered that this case be held in abeyance for a period not to exceed four months, within which time the Court of Criminal Appeals of the State of Oklahoma may grant the petitioner leave to appeal and provide him with assistance of counsel and an adequate case-made for the appeal. In such

event this application for a writ of habeas corpus will be denied and the action dismissed. *If the appeal is not granted within such time, the writ will issue discharging the petitioner from custody."* (emphasis ours)

Inasmuch as this order of the United States District Court, Eastern Division, supra, did not come to the attention of this Court until more than two months after it was received by the Attorney General of the State of Oklahoma; this Court advanced said cause for immediate consideration at that time, (August 29, 1967).[1] However, on September 8, 1967, this Court received a handwritten motion from the petitioner, Audie A. Dentis, as follows in part:

"MOTION TO DISMISS, AND RE-QUEST FOR HEARING SITTING IN BANC

Comes now Audie A. Dentis, movant herein, and respectfully moves the Court for hearing sitting in banc on this instant action, AND THEREAFTER DISMISS THE PETITION HERETOFORE FILED BY THE ATTORNEY GENERAL OF OKLAHOMA, FOR RECONSIDERATION OF THE COURT'S PREVIOUS DENIAL OF A DELAYED APPEAL. (emphasis ours)
* * *

* * * Wherefore, premises considered, movant respectfully urges the Court grant a hearing sitting in banc, and thereafter DISMISS THE ATTORNEY GENERAL'S PETITION FILED HERETOFORE, for reasons as set forth herein." (emphasis ours)

The constitutional question petitioner attempts to raise at this late date in the

1. This Court has carefully reviewed the allegations of the petitioner relating to his right to appeal in *two previous cases* filed in this Court. The first being a petition for writ of habeas corpus; Denied, and reported as Dentis v. Page, Okl.Cr., 403 P.2d 911. The second being a petition for Post-Conviction Appeal; Denied, and reported as Dentis v. State, Okl.Cr., 411 P.2d 250. From this sec-

ond case, petitioner appealed to the United States Court of Appeals, Tenth Circuit, which Court remanded the matter back to the United States District Court, Eastern Div., with directions that an evidentiary hearing be held upon the constitutional grounds involved; and which District Court has issued the above recited order of June 26, 1967, that this Court now grant petitioner an appeal.

body of the motion, supra, has already been decided adversely to petitioner in Scobie v. State, Okl.Cr., 407 P.2d 610.

Needless to say, at this point, petitioner had arrived at the conclusion that if this Court did not grant him the appeal, he would be released from custody, as per the order of the United States Federal Court; and felt that this was the better alternative—irrespective of the fact that throughout all of the petitioner's pleadings filed in this Court and the Federal Courts, HE HAS ALLEGED THAT HE WANTED TO APPEAL AND THAT HE WAS DENIED HIS RIGHT TO APPEAL. Upon that false premise, the Federal Court issued their order, supra.

Acting pursuant to the request filed by Dentis requesting the Court refuse the Application to Re-Consider filed by the Attorney General, and not grant him an appeal; the Attorney General filed an application in the United States District Court, Eastern Division, asking that Court to deny the writ of habeas corpus pending there for the reason that the petitioner had indicated that he had abandoned any desire for an appeal, or in the alternative, that the Court require the petitioner to affirmatively state whether or not he still desired an appeal.

On September 18, 1967, the United States District Court granted the petitioner until September 25, 1967 in which to file a response to the application of the Attorney General.

Thereafter, on October 13, 1967, that Court issued *another* order allowing the petitioner 15 days from said date in which to submit a request to the Court of Criminal Appeals for the appeal which he had previously sought.

On November 14, 1967, the United States District Court entered the following order:

"It appearing to the court from the motion of the petitioner filed herein on October 24, 1967, that he has not complied with the order of this court entered on October 13, 1967, and that he has no intention of doing so,

IT IS ORDERED that the petitioner's application for writ of habeas corpus be denied and this action is dismissed."

Thereafter, on November 17, 1967, the Attorney General filed in our Court another instrument labeled "MOTION FOR DISMISSAL OF THE STATE'S PETITION FOR RE-CONSIDERATION OF THE COURT'S PREVIOUS DENIAL OF A DELAYED APPEAL" with the above order attached.

With the enormous increase in cases filed in this Court during the past two years, the members of this Court are belaboring to give earnest attention to every case before them, so that justice may be rendered in its proper form.

*When one defendant's case is considered by this Court two or three times, and then have the Federal Government instruct that unless we reconsider our position, the prisoner will be discharged—MUCH CONCERN IS ENGENDERED.*

This appears to be a useless waste of time, and a needless expense to the taxpayer; when it affirmatively appears, as in the instant case, that all of this long proceeding has been premised on false statements presented to the Federal Court regarding the petitioner's desire for an appeal.

*In the future, this Court will not entertain any proceeding pertaining to "Re-Consideration of a Previous Denial of Post-Conviction Appeal", unless this Court is furnished—AT NO EXPENSE TO THE STATE OF OKLAHOMA—with a record of the proceedings in the Federal Court.*

To expect this Court to re-consider a case without the benefit of what transpired in said Federal Court, is an absurdity. There may have been completely new evidence presented that has not been presented to this Court. There could be a complete difference in the pleadings filed in the Federal Court and in this Court.

THEREFORE, ONCE THIS COURT HAS DENIED AN APPLICATION FOR

POST-CONVICTION APPEAL, *THAT JUDGMENT IS FINAL.*

The only exception being: (1) When furnished with a record of further proceedings in the Federal Court, at the expense of the said Federal Court, wherein different testimony or evidence could have been presented; or, (2) When furnished with tangible evidence that had not been previously considered, which would change the judgment of this Court.

This cause is, finally, dismissed.

BUSSEY and BRETT, JJ., concur.