**Appeal of Robert E. GRESHAM, Jr.**

**No. A–13823.**

Court of Criminal Appeals of Oklahoma.

Oct. 9, 1968.

Before NIX, P. J., and BUSSEY and BRETT, JJ.

### MEMORANDUM OPINION AND ORDER

WHEREAS, on September 23, 1968, the Attorney General filed a petition in this Court, styled: "PETITION FOR RECONSIDERATION OF THE COURT'S PREVIOUS DENIAL OF A DELAYED APPEAL," to which is attached an order from the United States District Court for the Northern District of Oklahoma, filed August 19, 1968, in that Court's case number 68–C–148, in which Robert E. Gresham, Jr. is seeking discharge from the Oklahoma State Penitentiary by writ of habeas corpus. The prayer to the Attorney General's petition recites, in part, as follows:

"[T]hat this Court permit the State of Oklahoma to carry out the order of the United States District Court *by issuing an order withdrawing or overruling the opinion previously entered in numbered cause A–13823* and granting the said Robert E. Gresham, Jr., an appeal out of time. (Emphasis added).

The Attorney General's petition being based upon an order of the U. S. District Court, executed by the Honorable Allen E. Barrow, Judge, wherein it recites:

"IT IS, THEREFORE, BY THE COURT ORDERED that his [Robert E. Gresham, Jr.] case be held in abeyance

for a period of not to exceed six (6) months, within which the Oklahoma State Court of Criminal Appeals may grant the Petitioner leave to appeal and provide him with the assistance of counsel and an adequate casemade for the appeal, and in such event this Application for Writ of Habeas Corpus will be denied and the action dismissed. If the appeal is not granted within such time, the Writ will issue, discharging the Petitioner from custody."

AND WHEREAS, said U. S. District Court order sets forth the résumé of Gresham's previous actions filed in the Tulsa County District Court as well as in this Court, to wit: Petitioner's conviction in the Tulsa County District Court on May 12, 1965, for the crime of second degree burglary, after former conviction, in which he was sentenced to serve a term in the state penitentiary of not less than fifteen (15) nor more than forty-five (45) years; that petitioner had the legal services of an employed attorney at his trial; that his motion for new trial and notice of intent to appeal were timely filed; that he filed a "purported" petition for writ of mandamus in the Tulsa County District Court for casemade at public expense, to which was attached an unverified affidavit for casemade at public expense, which stated thereon, "No Notary Available"; all of which petitions and affidavits were denied by the Tulsa County District Court.

Said U.S. District Court order sets forth further: that Gresham filed in this Court a petition for writ of mandamus to require the Tulsa County District Court to grant him a casemade at public expense; that this Court ordered an evidentiary hearing be held by said district court to determine if petitioner's notice of intent to appeal was timely filed—that the request for casemade was timely filed—and, that Gresham was an indigent defendant at the time of his trial; that said hearing was conducted, and that Gresham refused to testify at said hearing (on advice of his appointed legal counsel) as to his condition of indigency at the time of trial, and that the said district court made the findings of fact: that he timely filed his notice to appeal, but did not timely file his application forma pauperis, and that he was an indigent person, at the time of his trial.

Said U.S. District Court order properly sets forth further, that this Court denied Gresham's petition for writ of mandamus (Reported in Gresham v. Page, 411 P.2d 251); and subsequently denied his post conviction appeal wherein his sole contention was that he was ill advised by his counsel, and did not testify at the evidentiary hearing ordered in the preceding mandamus action (Reported in 441 P.2d 478).

Thereafter, the U.S. District Court made the following findings of fact:

"That at no time was the Petitioner, Robert E. Lee Gresham, Jr., advised by the State or counsel that the Affidavit in Forma Pauperis which was attached to his petition for Writ of Mandamus was required to be notarized.

"That Petitioner, Robert E. Lee Gresham, Jr., was never advised by the State or by counsel the proper way to file his appeal.

"That the Petitioner, Robert E. Lee Gresham, Jr., is required to file an Affidavit in Forma Pauperis subscribed by a Notary Public if the State requires same."

WHEREAS, the Honorable U.S. District Court has, in its order, recognized the fact that Robert E. Lee Gresham's matter has been considered twice in this Court; and that this Court offered Gresham full opportunity to prove his legal entitlement to an appeal at public expense, but that he refused to testify in support of his purported indigency request.

NOW THEREFORE THIS COURT FINDS that nothing has been filed with the Attorney General's petition for reconsideration, as required by this Court's Memorandum Opinion in Dentis v. State, Okl. Cr., 435 P.2d 177 at 179, wherein this Court said through Presiding Judge Nix:

"In the future, this Court will not entertain any proceeding pertaining to 'Re-

Consideration of a Previous Denial of Post-Conviction Appeal', unless this Court is furnished—AT NO EXPENSE TO THE STATE OF OKLAHOMA—with a record of the proceedings in the Federal Court."

And said opinion recited further:

"THEREFORE, ONCE THIS COURT HAS DENIED AN APPLICATION FOR POST-CONVICTION APPEAL, *THAT JUDGMENT IS FINAL.*

"The only exception being: (1) When furnished with a record of further proceedings in the Federal Court, at the expense of the said Federal Court, wherein different testimony or evidence could have been presented; or, (2) When furnished with tangible evidence that had not been previously considered, which would change the judgment of this Court."

Moreover we view with concern the action of the Federal Court in assuming jurisdiction and taking testimony when the Petitioner has not exhausted his state remedies and has refused to testify in the District Court of Tulsa County, when that opportunity was made available. It would appear that the Federal Courts would require state prisoners to support their claims to post conviction appeals by offering testimony when given the opportunity, without said federal court assuming jurisdiction, taking testimony, and entering an order prior to the State's being given an opportunity to pass upon the merits of the claim.

NOW THEREFORE IT IS THE ORDER OF THIS COURT, that insofar as the Attorney General's petition is not properly supported, as herein set forth, said petition is dismissed. Subject to the conditions set forth in Dentis v. State, supra, said petition may be refiled; but in the absence thereof, the Attorney General may still appeal said U.S. District Court order to the United States Court of Appeals.