Cecil Charles **EVANS**, Plaintiff in Error,

v.

The **STATE** of Oklahoma, Defendant in Error.

No. A–14619.

Court of Criminal Appeals of Oklahoma.
Jan. 8, 1969.

Eldred M. Harmon, Alva, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Charles L. Owens, Asst. Atty. Gen., for defendant in error.

BUSSEY, Judge.

Cecil Charles Evans, hereinafter referred to as Defendant, was charged by information in the District Court of Woods County with the crime of Attempted Burglary in the Second Degree. He was tried by a jury, who fixed his punishment at two years in the State Penitentiary, and from said judgment and sentence he appeals.

The evidence adduced on the trial reveals that on the late evening of March 31, 1967, Mrs. Holt, who lives next door to the Sportsmans Post in Alva, Oklahoma, was awakened by noise and the sound of breaking glass near the rear of the Sportsmans Post. She telephoned the police and Officer Haight was dispatched from the police station approximately one and one-half blocks away, to the scene. Upon arriving at the scene, he observed two men running from the rear of the sporting goods store to the rear of the Montgomery Wards store, where one hid behind a canvas cart, and the other behind a square box. The officer pulled his service revolver and the defendant stood up from behind the canvas cart and called to his companion to stand up. Laying beside the canvas cart was a pry bar. A search of the immediate area yielded a metal punch and a chisel. An examination of a window near the rear of the Sportsmans Post disclosed pry and chisel marks around the window and a broken windowpane. An employee of the store testified that he had locked and secured the premises and the owner of the store testified that he had not given the defendant, or any other person, permission to enter the premises. The defendant presented no evidence in his own behalf.

The single assignment of error urged on appeal was that the sentence imposed was excessive. With this contention we do not agree. Title 21 O.S.1961, § 1436 provides:

"Burglary is punishable by imprisonment in the penitentiary as follows:

*   *   *   *   *   *

2. Burglary in the second degree not exceeding seven years and not less than two years."

Title 21 O.S.1961, § 42, provides:

"Every person who attempts to commit any crime, and in such attempt does any act toward the commission of such crime, but fails, or is prevented or intercepted in the perpetration thereof, is punishable, where no provision is made by law for the punishment of such attempt as follows:

1. If the offense so attempted be punishable by imprisonment in the penitentiary for four years or more, or by imprisonment in a county jail, the person guilty of such attempt is punishable by imprisonment in the penitentiary, or in a county jail, as the case may be, for a term not exceeding one-half the longest term of imprisonment prescribed upon a conviction for the offense so attempted.

*   *   *   *   *   *."

An examination of the record leads us to conclude that the evidence amply supports the verdict of the jury, the defendant was capably represented, the trial court carefully and meticulously instructed the jury, and the punishment imposed was well within the limits provided by law. Under such circumstances we follow the rule that:

"The Court of Criminal Appeals will not modify a sentence alleged to be ex-

cessive unless it is convinced from an examination of the entire record that the verdict and sentence based thereon was manifestly excessive and apparently given under passion and prejudice." Epperson v. State, Okl.Cr.App., 406 P.2d 1017.

We are of the opinion that the defendant had a fair and impartial trial, that the issues were properly submitted to the jury, that the evidence amply supports the verdict, and that the sentence was not excessive. The judgment and sentence appealed from is accordingly affirmed.

NIX, P. J., and BRETT, J., concur.