**Willie Charles JOHNSON, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–14890.**

Court of Criminal Appeals of Oklahoma.

April 9, 1969.

Homer Thompson, Asst. Public Defender, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Charles L. Owens, Asst. Atty. Gen., for defendant in error.

BUSSEY, Judge.

Willie Charles Johnson, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Oklahoma County with the offense of Burglary in the Second Degee, After Former Conviction of a Felony; judgment and sentence was pronounced in accordance with the verdict of the jury, and a timely appeal has been perfected to this Court. On appeal it is urged that there is a variance between the allegations and proof; and the sentence of 40 years imprisonment in the State Penitentiary, is excessive.

Briefly stated, the facts adduced on the trial were as follows:

The victim of the burglary in question, Vida Suttle, testified that she left her home at 115 East Wilshire, Oklahoma City, Oklahoma, on December 7, 1967, around 7:00 a.m., and at that time the home was secured, the doors and windows being locked. When she returned home shortly after noon, she found a screen torn from a window, broken window glass, and numerous personal belongings piled near the back door. She testified further that she had not known the defendant prior to his being charged with this crime, and that she had not given him permission to enter the premises.

Tony Malone, an acquaintance of Vida Suttle, testified that he had gone to the residence at 115 East Wilshire about 11:15 on the morning of December 7, 1967, and noticing a strange car in the driveway, stopped. He got out of his truck and approached the house to a point where he could see that a screen on a window was loose, and he then returned to his truck. As he was getting in his truck, two men, one of whom Malone identified as the defendant, came from the back door of the house, pulled him from his truck and began beating him. The two men overpowered the witness and left. The witness reported the incident to the police immediately, furnishing them with a tag number from the car he had seen parked in the driveway.

James R. Webster, a police officer with the Oklahoma City Police Department, testified that on the morning of December 7, 1967, he was called to the residence at 115 East Wilshire, to talk to a man who said he had witnessed a burglary, and arriving there, found that a window screen had been pried off and a window opened. He further stated that on the inside of the residence he found several items wrapped, paintings moved, and other evidence that the house had been ransacked. The witness said that he was given a tag number and ran a registration check on it, tracing ownership to one Walter E. Ames, whom the witness was unable to contact.

The defendant, outside the hearing of the jury, was informed that if he took the stand in his own defense, questions concerning his prior convictions could be posed to establish the credibility of the witness. Defendant stated he wished to testify in his own behalf, and on the stand said that he had worked from 10:30 p.m. on December 6, 1967, until 11:00 a.m. on December 7, 1967, at his usual place of employment, Bill's Service Station, 13th and Eastern. It was defendant's testimony that after finishing work on the morning of December 7, 1967, he walked three blocks to the Imperial House, where his girlfriend lived, and went to sleep, sometime around 11:15 or 11:30 a.m. Defendant's girl-

friend, according to his testimony, was at her usual place of employment, University Hospital, and no one came in or left the living quarters of defendant's girlfriend while defendant was there. Defendant was arrested December 9, 1967.

On appeal the defendant argues that since the Information charges the defendant as a principal without alleging that he acted in concert or aided and abetted another in the commission of a crime, and that the evidence adduced on the trial established that the burglary was actually committed by the defendant aiding and abetting one Walter Amy, there was a fatal variance between the Information and the proof. This specific assignment of error is without merit, for the Legislature, in its wisdom, enacted 22 O.S. § 432, the same providing:

> "The distinction between an accessory before the fact and a principal, and between principals in the first and second degree, in cases of felony, is abrogated, and all persons concerned in the commission of a felony, whether they directly commit the act constituting the offense, or aid and abet in its commission, though not present, must be prosecuted, tried and punished as principals, and no additional facts need be alleged in any indictment or information against such an accessory than are required in an indictment or information against his principal."

Title 22 O.S. § 433, further provides:

> "An accessory to the commission of a felony may be prosecuted, tried and punished, though the principal felon be neither prosecuted nor tried, and though the principal may have been acquitted."

It is readily apparent from the foregoing statutes that it was not error for the defendant to be separately charged as a principal and convicted in a separate trial without regard to whether his co-principal was convicted or acquitted.

It is also urged that the punishment imposed was excessive. With this contention we do not agree. The pertinent part of 21 O.S. § 1436, provides:

> "Burglary is punishable by imprisonment in the penitentiary as follows:
> 2. Burglary in the second degree not exceeding seven years and not less than two years."

Title 21 O.S. § 51, provides further:

> "Every person who, having been convicted of any offense punishable by imprisonment in the penitentiary, commits any crime after such conviction, is punishable therefor as follows:
> 1. If the offense of which such person is subsequently convicted is such that upon a first conviction an offender would be punishable by imprisonment in the penitentiary for any term exceeding five years, such person is punishable by imprisonment in the penitentiary for a term not less than the minimum of number of years authorized for a first conviction."

Since no maximum term of years is provided by this section, the punishment assessed is well within statutory limits and is not excessive. We follow the rule set forth in Epperson v. State, Okl.Cr., 406 P. 2d 1017, and cited with approval in Scobie v. State, Okl.Cr., 407 P.2d 610:

> 'The Court of Criminal Appeals will not modify a sentence alleged to be excessive unless it is convinced from an examination of the entire record that the verdict and sentence based thereon was manifestly excessive and apparently given under passion and prejudice."

We have carefully examined the record in the instant case, and are of the opinion that the evidence amply supports the verdict of the jury and that the record is free of fundamental error. We are of the further opinion that the punishment imposed, which is well within the range provided by law, is not excessive.

For all of the reasons above set forth, the judgment and sentence appealed from is affirmed.

BRETT, P. J., and NIX, J., concur.