Michael Jerry **KENDALL**, Plaintiff in Error,

v.

The **STATE** of Oklahoma, Defendant in Error.

No. A–15144.

Court of Criminal Appeals of Oklahoma.

March 31, 1971.

Washington & Lynn, Oklahoma City, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Duane Lobaugh, Asst. Atty. Gen., for defendant in error.

## OPINION

BRETT, Judge.

Plaintiff in Error, Michael Jerry Kendall, hereinafter referred to as defendant, was tried by a jury in the District Court of Oklahoma County, and was convicted for the offense of Assault with a Dangerous Weapon After Former Conviction of a Felony. Defendant was sentenced on February 4, 1969, to serve nine (9) years in the State Penitentiary. His Motion for New Trial was denied; and he was delivered to the State Penitentiary on February 14, 1969. Defendant was represented by court appointed counsel, and from that conviction this appeal has been perfected.

The facts briefly stated reveal that on March 30, 1968, at 8:45 p. m., the police received a call reporting a man with a shotgun at the Cedar Lounge in Oklahoma City. Two officers went to the Cedar Lounge and talked to the manager, Mr. Mike McFarland, who presumably made the telephone report to the police department. At the time the officers arrived, defendant was not at the Lounge. The officers then checked the vicinity, but were unable to locate anyone with a weapon. They parked their vehicle in an alley across the street from the Cedar Lounge where they could keep the Lounge entrance under surveillance. Shortly thereafter, defendant was observed walking across the street carrying a weapon, which appeared to be a shotgun. The officers turned their vehicle headlights and spotlight on defendant and directed that he drop the weapon. One officer testified that defendant turned around, and pointed the weapon at him; about that time an unmarked detective vehicle drove up with the two detectives in it. The officer continued that defendant just stood there for about four minutes, when he placed the weapon on the ground. Thereafter, defendant was charged with the offense of Assault with a Dangerous Weapon After Former Conviction of a Felony.

The State's case consisted of the testimony of the four officers involved in the arrest of defendant. Defendant testified in his own behalf and offered the testimony of one, Richard Rogers, who occupied a front apartment overlooking the street. This witness testified that defendant did not point the weapon at the officers, but instead that he paused, and laid it on the ground. Defendant testified that when the officers flashed their lights on him, and directed him to put the gun on the ground, he was stunned and turned around and faced them but never pointed the weapon at either officer. On direct examination defendant admitted he had been convicted some eight years previous, but nothing else was offered to sustain the felony conviction.

On cross-examination defendant was asked about various other convictions and charges, most of which appeared to have been offenses in the Oklahoma City Municipal Court. Some of those convictions defendant admitted; some he denied; and others his answer was that he did not remember. We have checked the record very carefully and fail to find anything concerning the former conviction charges other than defendant's answers to the questions put to him on direct and cross-examination. The record is not entirely clear in which court the convictions were sustained; the nature of the convictions; or whether or not defendant was represented by counsel at any of those trials.

In his brief, defendant argues three propositions. The first contending that under the facts and circumstances of this case the punishment is excessive; his second proposition asserts that the verdict, and judgment and sentence, were given under the influence of passion and prejudice; and the third asserts that the case should be modified, because of the excessive sentence.

The record of testimony clearly reveals a conflict of testimony. The record also contains a note from the jury in which a request was made for the testimony of Richard Rogers to be read to the jury; however, because the testimony had not

been transcribed, the trial court denied the jury's request. Richard Rogers was the witness who observed defendant's arrest from his apartment over the Cedar Lounge, and who testified in behalf of defendant. This fact leaves some conjecture, at least, concerning defendant's intent to commit an assault upon the officers. Mr. Rogers' testimony stated that defendant made no move sufficient to appear that he was threatening to use the gun. However, this Court has long held that where the testimony is conflicting, and where there is competent evidence on which the jury could reach the verdict, this Court will not disturb the verdict of the jury. The fact that the shotgun was loaded, and defendant had other shells in his pocket, must have been also considered seriously by the jury, in reaching a verdict.

This Court has long followed the direction of the United States Supreme Court, and insofar as that Court has held, that when the record is silent, waiver of Constitutional Rights will not be presumed. This record concerning defendant's former convictions does not contain any former judgment and sentence of his former convictions; consequently, whether or not defendant was represented by counsel at those trials we are unable to ascertain. Therefore, the former conviction allegation of the information is not properly sustained.

We therefore conclude that defendant's second proposition that the jury's verdict was reached under the influence of passion and prejudice, has merit. The general rule is that when a defendant is put upon trial for one offense, he is to be convicted, if at all, by evidence which shows that he is guilty of that offense alone, and the admission of evidence of other crimes, either prior or subsequent to the offense, for which he is on trial, is inadmissible, except to challenge defendant's credibility as a witness. See Epperson v. State, Okl.Cr., 406 P.2d 1017 (1965).

THEREFORE, after carefully reviewing the record, we are of the opinion that the sentence imposed on defendant was excessive, and that the same should be modified from nine (9) years imprisonment to a sentence of four (4) years imprisonment, and as modified, the judgment and sentence is affirmed.

BUSSEY, P. J., and NIX, J., concur.