**Billy Ray WALTERS, a/k/a Abe Walters, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. A–17778.**

Court of Criminal Appeals of Oklahoma.

Dec. 13, 1972.

E. C. Nelson, Muskogee, for appellant.

Larry Derryberry, Atty. Gen., Michael Cauthron, Asst. Atty. Gen., Daniel J. Gamino, Legal Intern, for appellee.

OPINION

BUSSEY, Presiding Judge:

Appellant, Billy Ray Walters, a/k/a Abe Walters, hereinafter referred to as defendant, was charged, tried, and convicted in the District Court of Muskogee County, Oklahoma for the offense of Burglary of Automobile; his punishment was fixed at three (3) years imprisonment, and from said judgment and sentence, a timely appeal has been perfected to this Court.

Although three witnesses were called by the State, only the testimony of Officer

Bradley was made a part of the appeal record. Bradley testified that on April 5, 1972, he observed the defendant standing at 13th and Court, looking back and forth over his shoulders. The defendant proceeded west on Court Street until he reached 14th. The defendant crossed the street and opened a door of a pick-up truck and began to take items out of the glove compartment. The defendant put the items in his pockets and proceeded between two houses. He was stopped at 15th and Denison by Officer Spriggs. He identified certain exhibits as being the items found on the defendant's person.

 The first proposition asserts that the court erred in not sustaining the defendant's motion for mistrial. The record reflects that on cross-examination of Officer Bradley the following transpired:

"Q. And then the Defendant just kind of ambled on to Fourteenth, is that correct?

"A. Well, when he got to the corner of Fourteenth and Court he went cattie-corner.

"Q. Across the street?

"A. Well, we just talking about this case only?" (Tr. 13)

The defendant moved for a mistrial whereupon the court conducted a hearing outside the presence of the jury. At the hearing, it was ascertained that the witness had observed the defendant enter another vehicle. The trial court thereupon overruled the motion for mistrial. We are of the opinion that although there was no further testimony concerning another crime that the same would have been admissible. In Moulton v. State, Okl.Cr., 476 P.2d 366, we stated:

"The general rule in this state is that when a defendant is put upon trial for one offense he is to be convicted, if at all, by evidence which shows that he is guilty of that offense alone and the admission of evidence of other crimes, either prior or subsequent to the offense for which he is on trial is inadmissible.

However, evidence of separate and similar offenses is admissible when it is material and proper to show (1) motive, (2) intent, (3) absence of mistake or accident, (4) identity of person charged with the commission of the crime for which an accused is put on trial, and (5) common scheme or plan embracing the two or more crimes so related to each other that proof of one tends to establish the other."

See Epperson v. State, Okl.Cr., 406 P.2d 1017; Parks v. State, Okl.Cr., 457 P.2d 818 and Turnbow v. State, Okl.Cr., 451 P.2d 387. We therefore find this proposition to be without merit.

 The final proposition asserts that the punishment is excessive. We can only observe that the punishment is well within the range provided by law and does not shock the conscience of this Court. The judgment and sentence is affirmed.

BLISS, and BRETT, JJ., concur.