Sammy Dean DEER, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–74–653.

Court of Criminal Appeals of Oklahoma.

Dec. 31, 1974.

Tom J. Amis, Meeker, for appellant.

Larry Derryberry, Atty. Gen., James L. Swartz, Asst. Atty. Gen., for appellee.

## OPINION

BLISS, Presiding Judge:

The appellant, Sammy Dean Deer, hereinafter referred to as defendant, was charged, tried before a jury and convicted in the District Court of Lincoln County, Oklahoma, in Case Number CRF–73–124 of the crime of Unlawful Delivery of Marijuana. Punishment was assessed at a term of two (2) years in the state penitentiary. From a judgment and sentence consistent with said verdict, defendant has perfected his timely appeal.

Simply stated, the facts adduced at trial are as follows: The State's first witness was Claude Keyes, Chief of Police of Stroud, Oklahoma, who testified that he was conducting narcotics investigations in Stroud and had called the Oklahoma State Bureau of Investigation for assistance. On the 12th of October, 1973, at approximately 7:15 p. m. he and agent Mel Sires as a backup unit observed agent Warren Henderson and an informant, Robert Deer, defendant's brother, go to a house located in Stroud where the defendant and a Ricky Lyons were living. In a short while Henderson, Robert Deer, and the defendant and Ricky Lyons left the house and returned around 9:00 p. m. Three or four minutes later Henderson and Robert Deer left the house and returned to their car where they met with Keyes and Sires. Keyes observed Henderson mark a plastic bag containing a green leafy substance and place it in the trunk of his car.

Agent Warren Henderson then testified that he was an undercover narcotics agent for the Oklahoma State Bureau of Investi-

gation, and that on the evening of the 12th he and Robert Deer went to a certain residence in Stroud where they met with defendant and Ricky Lyons. After an unsuccessful trip to find a person to supply a large quantity of pills, they returned to the defendant's house. Henderson then asked Ricky Lyons if "he had any weed or anything that I can make it back to the city on." He testified that Lyons said, "Yes, we got some", and that Lyons asked defendant to go get it. Henderson asked how much they wanted and defendant said, "Oh, $2.00 to $3.00". He then observed defendant walk to a linen cabinet and pull out a plastic bag of green leafy substance and lay it on the table in front of him. The witness then handed Lyons $3.00 and put the plastic baggy in his pocket. After reuniting with Agent Sires and Keyes, he marked the evidence, sealed it and subsequently turned it over to the Crime Bureau laboratory in Oklahoma City.

The State then called William J. Caveny, a forensic chemist with the State Bureau of Investigation, who testified to his analysis of the green leafy substance found in Henderson's evidence envelope. It was his opinion that it contained marijuana.

The defendant took the stand in his own behalf and stated that he was present in his rented home when Henderson purchased the marijuana. It was his testimony however that Ricky Lyons made the sale. He further stated that he never handled the marijuana nor delivered it to Henderson nor touched any of the money that Henderson paid to Lyons.

The defendant then called Robert Deer who testified that he was defendant's brother and that he was present in his brother's residence when Agent Henderson purchased the marijuana. He testified that he introduced Agent Henderson to the defendant and Ricky Lyons but stated that the sale took place between Lyons and Henderson and that his brother took no part in it.

■ The defendant's first proposition in error urges essentially that the verdict is not supported by the evidence and that the trial court erred in not sustaining the defendant's demurrer to the evidence. We have consistently held that where there is competent evidence in the record from which the jury could reasonably conclude that the defendant was guilty as charged, this Court will not interfere with the verdict as it is the exclusive province of the jury to weigh the evidence and determine the facts. Turner v. State, Okl.Cr., 479 P. 2d 631. In the instant case an examination of the record reflects that the State presented sufficient evidence to prove a prima facie case. Although the defendant presented sharply conflicting evidence, it then became a question for the jury. The jury resolved said question against the defendant.

■ Defendant's last proposition in error urges that the trial court erred in permitting defendant to be charged and tried as a principal and not conjointly since another, Ricky Lyons, had previously pled guilty to the same crime. Again, we do not agree.

Counsel's attention is called to 22 O.S. § 432, the relevant portion of which provides as follows:

". . . and all persons concerned in the commission of a felony, whether they directly commit the act constituting the offense, or aid and abet in its commission, though not present, must be prosecuted, tried and punished as principals, and no additional facts need be alleged in any indictment or information against such an accessory than are required in an indictment or information against his principal."

Counsel's attention is further called to 22 O.S. § 433 which provides as follows:

"An accessory to the commission of a felony may be prosecuted, tried and punished, though the principal felon be neither prosecuted nor tried, and though the principal may have been acquitted."

In Johnson v. State, Okl.Cr., 453 P.2d 390, this Court, referring to the above statutes, held that it is not error for an ac-

cused to be separately charged as a principal without the information alleging that he acted in concert with another in the commission of the crime charged, even though the proof adduced at trial establishes that the accused and another acted conjointly.

Therefore, after reviewing the record we find that the evidence supports the verdict of the jury and that the record is free of any error which would justify reversal or modification. The judgment and sentence appealed from is, accordingly, affirmed.

BUSSEY, J., concurs.

BRETT, J., dissents.