**Clem Donnell TEMPLE, a/k/a Donaild Temple, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–77–209.**

Court of Criminal Appeals of Oklahoma.

Sept. 8, 1977.

John T. Elliott, Public Defender, Michael M. Jackson, Asst. Public Defender, Oklahoma County, for appellant.

Larry Derryberry, Atty. Gen., Robert L. McDonald, Asst. Atty. Gen., Donnie G. Pope, Legal Intern, for appellee.

## OPINION

BUSSEY, Presiding Judge:

The appellant, Clem Donnell Temple, a/k/a Donaild Temple, hereinafter referred to as the defendant, was charged in the District Court, Oklahoma County, Case No. CRF–76–1824, with the offense of Burglary in the Second Degree, After Former Conviction of a Felony, in violation of 21 O.S. 1971, § 1435. He was tried by a jury, convicted and sentenced to thirty (30) years' imprisonment in the State Penitentiary. From this judgment and sentence, a timely appeal has been perfected to this Court.

The State first called Mark Malloy who testified that he lived at 3921 North Bella Vista in Midwest City. On May 4, 1976, he was informed by his wife that their house had been burglarized and returned home to discover that various items, identified at trial, were missing.

Testifying second for the State was Don Delce, a neighbor of Mr. Malloy, who lived to the rear of the Malloys. He testified that on the day in question, he was looking out his back door at approximately 1:50 p. m., when he observed a black male, whom he identified as the defendant, carrying a stereo out of a drainage ditch. Said person was wearing a red and black floral shirt. He also observed a second person, whom he identified at the trial as the defendant's brother. At this time this witness called the police.

The State then called Johnnie Mae Delce, the wife of the preceding witness. This witness' testimony substantially corroborated that of her husband.

Next, the State called Robert Osmond, a police officer for the Midwest City Police Department, who testified that on May 4, 1976, in response to a burglary report, he and his partner Officer Phillips, proceeded to the Delce's residence where he was informed that the suspects had entered a garage door at a house located at 401 Shaddy Brook. After observing that the front door of the Malloy home had been kicked in they proceeded to 401 Shaddy Brook to investigate. This witness peered into the partially opened garage door and observed various items fitting the description of the property seen carried away. Advancing further into the garage, he and his partner observed, through the door leading from the garage into the house, two men fitting the description of the suspects, one of whom was wearing a red and black floral shirt. His partner proceeded around to the front while this witness watched the garage entrance.

The State's next witness was Charles Phillips, a Midwest City Police officer, whose testimony substantially corroborated that of Officer Osmond. This witness further testified that in response to his knock, the defendant appeared at the front door whereupon he was arrested. The two officers then entered the house belonging to the parents of the defendant and received permission to search. The subsequent search resulted in discovery of the other suspect and various stolen items.

After recalling Officer Malloy to identify various items, the State rested.

The first witness for the defense was Reverend Randy G. Howard, who testified that the defendant was at his house until approximately 1:30 p. m. on the day in question.

The defense then called Edward Wayne Temple, brother of the defendant, who admitted that he participated in the burglary in question but asserted that his brother, the defendant, was not involved. Instead, this witness claimed that the other participant was his cousin, Anthony Parker. He stated that his cousin was not present when the police arrived because he had gone to contact a "fence," in order to get rid of the stolen goods.

At this point the defense rested.

■ The defendant's first assignment of error is the court's failure to sustain the defendant's demurrer to the evidence and motion to suppress said evidence on the ground that it was the fruit of an illegal search. However, the defendant's counsel failed to object to the admission of any evidence as it was presented, but instead waited until the State rested its case. Clearly, this does not constitute a timely objection. We stated in *Ellison v. State*, Okl.Cr., 493 P.2d 837 (1972) that:

"An objection to evidence obtained, allegedly, by illegal search and seizure must be interposed at first opportunity and should be made either at beginning of trial by motion to suppress evidence or in the course of examination as soon as it becomes apparent that state will rely thereon, and defendant's failure to make timely objections waives right to be heard upon this question." Citation omitted.

Although not properly preserved for review we find the evidence presented at the trial amply supported the verdict of the jury. Had the issue of search and seizure been properly before us, under the facts here presented we would have no hesitation in upholding the legality of the search and seizure. This assignment of error is wholly without merit.

The defendant next asserts as error the failure of the trial court to grant his motion for a mistrial. This motion was based upon repeated objectionable questions asked by the prosecutor during cross-examination of Edward Temple. While timely objections to this line of questioning were made by the defendant and sustained by the trial court below, a review of the record indicates that the defense made no request that the jury be admonished not to consider such questions. This Court has long followed the rule that where an error is not fundamentally prejudicial and can be cured by the trial court's admonishment to the jury to disregard the objectionable material, counsel for the defense must do more than merely object to preserve the issue for review upon appeal, but should also request that the jury be so admonished. See, *Bosin v. State*, Okl.Cr., 565 P.2d 1061 (1977), also see, *Saylor v. State*, Okl.Cr., 506 P.2d 589 (1973) and *Carter v. State*, Okl.Cr., 521 P.2d 85 (1974). Therefore, it appears that this assignment of error has not been properly preserved for review. Moreover, it is our opinion that in light of all the evidence, this error did not result in a miscarriage of justice or a substantial violation of a constitutional or statutory right and therefore would constitute harmless error. See, 20 O.S.1971 § 3001.

The defendant's third and final assignment of error is that the sentence received by the defendant is excessive. This Court has consistently followed the rule stated in the Fifth paragraph of the Syllabus to *Johnson v. State*, Okl.Cr., 386 P.2d 336 (1963) that:

"  .   .   . The question of excessiveness of punishment must be determined by a study of all the facts and circumstances in each case, and the Court of Criminal Appeals does not have the power to modify a sentence unless we can conscientiously say that under all facts and circumstances the sentence is so excessive as to shock the conscience of the court."

After considering all the facts and circumstances of this case, we find that a sentence of thirty (30) years is not so excessive for the offense of Burglary in the Second Degree, After Former Conviction of a Felony or that it shocks the conscience of the Court. The defendant's final assignment of error is without merit.

For the above and foregoing reasons, the judgment and sentence of the trial court is hereby AFFIRMED.

BRETT, J., concurs.