Johnny Wayne FISCHER and Conrad Koller Noland, Appellants,

v.

The STATE of Oklahoma, Appellee.

Nos. F–77-428, F–77–429.

Court of Criminal Appeals of Oklahoma.

April 6, 1979.

Deborah C. Shallcross, Asst. Public Defender, Tulsa County, Patricia A. Lucy, Legal Intern, for appellants.

Larry Derryberry, Atty. Gen., Bill J. Bruce, Asst. Atty. Gen., Carol Elaine Alexander, Legal Intern, for appellee.

## OPINION

BUSSEY, Judge:

Appellants, Johnny Wayne Fischer and Conrad Koller Noland, hereinafter referred to as defendants, were charged conjointly by information in Case Nos. CRF–76–2784 and CRF–76–2827, with the crime of Second Degree Burglary, pursuant to 21 O.S.1971, § 1435. The defendants were tried before a jury in both trials in the District Court, Tulsa County, and both were represented by counsel. The juries returned verdicts of guilty for both defendants. In the second stage of the trials, the juries found both defendants guilty of conjoint Second Degree Burglary, After Former Conviction of a Felony, pursuant to 21 O.S.Supp.1976, § 51(A). Punishment for defendant Fischer was set at thirty-seven (37) years' imprisonment and thirty (30) years' imprisonment respectively; punishment for defendant Noland was set at forty-four (44) years' imprisonment and forty (40) years' imprisonment respectively. Each defendant has perfected a timely appeal to this Court.

On November 8, 1977, pursuant to defendants' motion, this Court entered an order consolidating Case No. F–77–428 and Case No. F–77–429, for the purpose of appeal for the reason that the facts, issues and motions on appeal are identical in each case.

The nature of the assignments of error in this case renders a detailed statement of the facts unnecessary. The defendants assign as error in these two cases that the sentences received by each defendant are excessive in light of all circumstances and are contrary to the legislative intent expressed in 21 O.S.Supp.1976, § 51, regarding the habitual offender.

This Court has consistently held that the question of excessiveness of punishment must be determined by examination of all the facts and circumstances in each particular case. Further, unless the Court of Criminal Appeals can conscientiously say that under all facts and circumstances the sentence is so excessive as to shock the conscience of the Court, it does not have the power to modify that sentence. See, *Holding v. State*, Okl.Cr., 568 P.2d 332 (1977); *Dodson v. State*, Okl.Cr., 562 P.2d 916 (1977).

This Court has held sentences of 30 years' imprisonment, *Temple v. State*, Okl. Cr., 568 P.2d 1321 (1977); 60 years' imprisonment, *Salazar v. State*, Okl.Cr., 554 P.2d 26 (1976); and, 40 years' imprisonment, *Johnson v. State*, Okl.Cr., 453 P.2d 390 (1969), are not excessive for conviction of second degree burglary, after former conviction of a felony. In the case at bar, we do not find that the sentences are excessive but are within the range provided by law and should, therefore, not be modified.

The defendants further argue that 21 O.S.Supp.1976, § 51(B), is evidence of the legislative intent to define a maximum penalty for habitual offenders, and thus, the longest sentence for a conviction for second degree burglary would be 27 years' imprisonment. The identical issue was raised in *Thigpen v. State*, Okl.Cr., 571 P.2d 467 (1977), wherein we declared Section 51(B) to be unconstitutional for its vagueness and

demonstrated defects. Therefore, we reiterate that no maximum sentence for habitual offenders is created by Section 51(B), and the sentences in the instant cases are valid.

For the foregoing reasons the judgments and sentences of the trial court are hereby *AFFIRMED.*

CORNISH, P. J., and BRETT, J., concur.