Michael John CALLOWAY, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–78–583.

Court of Criminal Appeals of Oklahoma.

April 11, 1980.

As Corrected April 18, 1980.

Demetri Anastadiadis, Oklahoma County Public Defender, for appellant.

Jan Eric Cartwright, Atty. Gen., William S. Flanagan, Asst. Atty. Gen., Ronald Lee Johnson, Legal Intern, for appellee.

## OPINION

BUSSEY, Judge:

Michael John Calloway, hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Oklahoma County, Case No. CRF–78–657, for the offense of Burglary in the Second Degree, After Former Conviction of a Felony, in violation of 21 O.S.1971, § 1435. His punishment was fixed at nineteen (19) years' imprisonment. From said judgment and sentence an appeal has been perfected to this Court.

Evidence at the trial revealed the apartment of Beverly Ann Elledge was burglarized on the afternoon of February 8, 1978, in Oklahoma City, Oklahoma. The lock on the front door was broken and the color T.V. and stereo equipment were missing. Judy Nichols, who lived directly above Beverly Elledge observed the defendant removing property at approximately 2:00 p. m. out of the Elledge apartment. Defendant placed a stereo and television in a car and drove away. Ms. Nichols copied down the license number of the automobile and gave the information to the police.

Diane Heath, defendant's girlfriend, testified that defendant was at her home on February 8, 1978, from the morning until 3:30 p. m.

■ Defendant asserts in the first assignment of error that the trial court erred in permitting the in-court identification of the defendant by Judy Nichols. He argues that the identification should have been suppressed because the same was tainted by the witness having been shown improperly suggestive photographs by the police. We are of the opinion that this assignment of error is wholly without merit. The trial court conducted an in camera hearing wherein the witness testified to the following: that she had the opportunity to observe the defendant during hours of broadday light at a short distance for a period of approximately five minutes, that she gave the police a description of the suspect which substantially matched the description of the defendant, that four or five days later a police officer showed her two photographs. She identified the defendant as the person she observed at the apartment. She further testified that she would have been able to identify the defendant independently of her viewing his picture, and that at no time did she identify any other person or fail to identify defendant as the perpetrator of the offense.

In *McDaniel v. State*, Okl.Cr., 576 P.2d 307 (1978) we set forth the factors to be considered in determining the admissibility of in-court identifications where there has been a pretrial photo lineup. Those factors are as follows:

1. Prior opportunity to observe the alleged criminal activity;

2. The existence of any discrepancy between any preline-up description and the defendant's description;

3. Any identification of another person prior to the line-up;

4. The identification of the defendant by picture prior to the line-up;

5. Failure to identify the defendant on a prior occasion;

6. The lapse of time between the alleged act and the line-up identification. 576 P.2d at 309. See also *Thompson v. State*, Okl.Cr., 438 P.2d 287 (1968).

In applying those factors to the instant case it is readily apparent that the identification was not tainted and was therefore properly admitted.

█ Defendant contends in the final assignment of error that the punishment is excessive. Suffice it to say that the punishment imposed was within the range provided by law and does not shock the conscience of this Court. See *Temple v. State*, Okl.Cr., 568 P.2d 1321 (1977).

The judgment and sentence is accordingly *AFFIRMED*.

CORNISH, P. J. and BRETT, J., concur.