## LOVELACE BARNETT v. STATE.

No. A-4050.     Opinion Filed May 12, 1923.
(214 Pac. 948.)

(Syllabus.)

**Criminal Law—Overruling Special Plea in Bar not Erroneous.** For reasons for holding overruling of defendant's special plea in bar of the prosecution based upon section 27, art. 2, Constitution, not erroneous, see body of opinion.

Appeal from District Court, Ottawa County; S. C. Fullerton, Judge.

Lovelace Barnett was convicted of grand larceny, and he appeals. Affirmed.

Burns & Turner, for plaintiff in error.

George F. Short, Atty. Gen., and Leon S. Hirsh, Special Asst. Atty. Gen., for the State.

MATSON, P. J. This is an appeal from a judgment of conviction against the plaintiff in error, Lovelace, Barnett, hereinafter referred to as defendant, rendered in the district court of Ottawa county on the 12th day of February, 1921, wherein defendant was found guilty of the crime of grand larceny, and punishment assessed as above stated.

The only error assigned as ground for reversal of the judgment is the action of the trial court in overruling defendant's special plea in bar of the prosecution. This special plea is based upon section 27, art. 2, of the Constitution of the state, which provides:

"Any person having knowledge or possession of facts that tend to establish the guilt of any other person or corporation charged with an offense against the laws of the state, shall not be excused from giving testimony or producing evidence, when legally called upon so to do, on the ground that it may tend to incriminate him under the laws of the state; but no person shall be prosecuted or subjected to any penalty or forfeiture for or on account of any transaction, matter, or thing concerning which he may so testify or produce evidence."

Defendant alleged in his plea in bar that he had been granted immunity from prosecution by reason of an agreement entered into between him and the county attorney, wherein the county attorney agreed that if defendant would testify against two other parties, whom defendant claimed were jointly concerned with him in the commission of the crime of which he was here convicted, the county attorney would not prosecute him in such proceeding, and the defendant further claims that, pursuant to such agreement, he did testify in the preliminary examination of the other parties and gave evidence in such examination tending to incriminate himself jointly with the other parties. This action on defendant's part is claimed to be sufficient to entitle him to immunity from prosecution for such offense under the foregoing constitutional provision.

The contention advanced has been decided adversely to the position taken by counsel for the defendant in the case of Scribner v. State, 9 Okla. Cr. 465, 132 Pac. 933, Ann. Cas. 1915B, 381, and also in the later case of McConnell v. State, 18 Okla. Cr. 688, 197 Pac. 523.

Further, it may be stated that in this case, even if it were to be held that the county attorney without the consent of the trial court could grant a defendant immunity from prosecution (under circumstances as here claimed), still it nevertheless appears from this record that there was no such agreement between the county attorney and the defendant to grant the defendant immunity. The defendant's testimony before the examining magistrate in the preliminary hearing of the codefendants shows that he testified voluntarily and without agreement as to immunity from prosecution. The testimony of the county attorney, who was called as a witness by the defendant, in support of his special plea in bar, is to the effect that he would not do anything against the defendant that the law did not compel him to do, but there is no testimony even by the county attorney that he at any time agreed to grant defendant immunity from prosecution because of any testimony given against his codefendants.

We find no error committed by the trial court in overruling defendant's special plea in bar to this action, for the reason that the facts pleaded were not sufficient in law to constitute a bar to the prosecution. The holdings of this court in the Scribner and McConnell Cases, supra, are reaffirmed.

No error being urged as ground for reversal, the judgment is affirmed.

DOYLE and BESSEY, JJ., concur.