## LOVELACE BARNETT v. STATE.

No. A-4304.    Opinion Filed Nov. 12, 1923.
(219 Pac. 726.)

(Syllabus.)

Appeal and Error—Necessary Showing for Reduction of Punishment. Before this court is authorized to modify a judgment of conviction by a reduction of the punishment imposed, it must clearly appear that the punishment imposed is excessive or probably the result of passion and prejudice on the part of the trial jury, or else that some substantial error of law has occurred at the trial prejudicial to the defendant in the amount of punishment imposed.

Appeal from District Court, Ottawa County; S. C. Fullerton, Judge.

Lovelace Barnett was convicted of grand larceny, and he appeals. Affirmed.

Burns & Turner, for plaintiff in error.

The Attorney General and N. W. Gore, Asst. Atty. Gen., for the State.

MATSON, P. J. Conviction for the crime of grand larceny, alleged to have been committed in Ottawa county on or about the 24th day of April, 1921, by stealing certain jewelry of the aggregate value of $280, the personal property of Mr. and Mrs. S. W. Abrams. Judgment was rendered on October 15, 1921. Petition in error and case-made were filed in this court April 15, 1922.

Counsel for plaintiff in error have filed a brief in this case in which they admit that no error of law was committed at the trial, but request this court to examine the transcript of the testimony and modify the judgment of conviction for the following reasons: First, Because the property stolen was afterwards recovered and returned to the owners. Second, Because plaintiff in error had, on May 12, 1923, another judgment affirmed against him in this court in another criminal prosecution, 23 Okla. Cr. 363, 214 Pac. 948. Third, Because the evidence discloses that the plaintiff in error was probably the tool of other persons equally guilty with him who have escaped punishment.

The aforesaid grounds constitute no legal reason for modification of this judgment. Two years imprisonment for the crime of grand larceny in the taking of $280 worth of jewelry is certainly not prima facie evidence of excessive punishment. The other grounds urged might appeal to one

having power to exercise executive clemency, but as legal grounds for modification of the judgment they possess no merit.   Before this court would be authorized to modify the judgment, some substantial error of law should be shown. It is admitted by counsel for plaintiff in error that no such error occurred in the trial of this case.

The judgment is therefore affirmed.   Mandate forthwith.

BESSEY and DOYLE, JJ., concur.