## CLEO VANDERGRIFF v. STATE.

No. A-6939.   Opinion Filed Nov. 23, 1929.
Rehearing Denied Dec. 14, 1929.
(282 Pac. 897.)

Q. P. McGhee, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DAVENPORT, J.   The plaintiff in error, hereinafter for convenience referred to as the defendant, was by information charged with the crime of robbery of W. W. Huckett, on the 11th day of September, 1926, with a firearm; was tried and sentenced to imprisonment in the state penitentiary for the period of natural life.   Motion for new trial was filed, considered, and overruled, and the defendant has appealed to this court.

The state, to maintain the allegations in the information, called as a witness W. W. Huckett, whose testimony in substance is as follows:

"I was in business at 209 Main street, Commerce, Okla., on the 11th day of September, 1926.   About 10 o'clock in the evening I was standing on the north side of the storeroom, in the passageway between the first and

second counters, facing towards the back of the store talking to my boy. I heard the screen door open, and as I turned this party was standing on the floor about ten feet from the doorway. He had no mask on. The defendant raised his hand up like that, with his gun in his hand, from the side of his leg, and said, 'Don't move your feet,' and said, 'Come on back, kid, get out here.' Get out in the middle of the floor, I want you to come back here, or words to that effect, and went to the cash register, and punched the register two or three times but could not get it open, and demanded that I come and open it for him, keeping the gun on me all the time. I opened the register, and he got something like $30 or $40 in silver; I cannot say just what. During the time he was committing this robbery, Frank Thompson came into the store to get some empty milk bottles, and he lined him up, and I turned to look at Thompson, and the defendant hit me with his gun or something and broke my hat. The blow kindly turned me upside down, and I came right back up, and he had just slammed the door and left. The defendant was in the store I judge about three minutes."

W. W. Huckett is corroborated by Walter Huckett and Wain Lair and other witnesses as to the identity of the defendant as being the party who robbed the prosecuting witness, and as to the facts and circumstances surrounding the defendant's action.

At the close of the state's evidence, the defendant demurred to the evidence, which demurrer was by the court overruled. An examination of the testimony contained in the record on behalf of the state clearly shows the court did not err in overruling the defendant's demurrer.

The defense of the defendant was an alibi, several witnesses testifying positively to the fact that the defendant was at another place on the night the robbery is alleged to have taken place. All of the testimony was

before the jury under proper instructions from the court. This court has repeatedly held that the jury are the exclusive judges of the weight of the evidence, and if there is a clear conflict in the evidence, or it is such that different inferences may properly be drawn from it, its determination will not be interfered with, unless its verdict is clearly against the weight of the evidence or appears to have been influenced by passion or prejudice. Mayse v. State, 38 Okla. Cr. 144, 259 Pac. 277; Campbell v. State, 23 Okla. Cr. 250, 214 Pac. 738.

In Johnson v. State, 22 Okla. Cr. 332, 211 Pac. 425, in the second paragraph of the syllabus the court said:

"Where there is substantial evidence to show the guilt of the defendant, this court will not weigh the sufficiency of the evidence to sustain a conviction, but will consider the whole evidence to ascertain whether a conviction is founded on substantial evidence."

In Pope v. State, 34 Okla. Cr. 417, 246 Pac. 657, in the second paragraph of the syllabus, this court said:

"Where state's evidence indicates guilt almost beyond doubt, and defendant's evidence tends to establish alibi, Supreme Court will not disturb verdict * * * for want of sufficient evidence."

The defendant in his brief does not argue any errors of law alleged to have been committed by the trial court. The defendant contends that in this case the punishment inflicted by the court, or the verdict of the jury, of imprisonment during his natural life, is excessive and should be modified. The record discloses a wanton disregard of the law by the defendant, and a willful, bold robbery. The defendant at the time of the robbery had arrived at sufficient years of maturity to know the consequences of his own acts. Imprisonment for the period of his natural life is a severe punishment, and we believe that a modifica-

tion of the sentence from imprisonment in the state penitentiary during his natural life, to imprisonment in the state penitentiary for 50 years, is a sufficient punishment for the offense shown to have been committed by the defendant.

The judgment and sentence herein will therefore be modified to imprisonment in the state penitentiary for 50 years, and as so modified is affirmed.

EDWARDS, P. J., and CHAPPELL, J., concur.