### LECK WHITE v. STATE.

No. A-10061. March 3, 1943.

(134 P. 2d 1039.)

Alvin C. Bruce, of Ardmore, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Jess L. Pullen, Asst. Atty. Gen., for defendant in error.

JONES, P. J. The defendant, Leck White, was charged by information in the district court of Murray county with the crime of driving an automobile while under the influence of intoxicating liquor, was tried, convicted and sentenced to pay a fine of $250 and costs, and has appealed.

When this case was called for trial counsel for defendant made the following motion:

"Comes now the defendant, L. F. Leck White, and asks this court to continue this case for the reason that he or his counsel either one did not have notice of the setting of this case on the docket until nearly noon on this date. That this defendant is not ready to proceed to trial, but will be ready if given a sufficient length of time within which to prepare and go to trial."

This motion was denied and the court's ruling thereon assigned as error.

Without some evidence in the record or further statement to show more particularly in what way the defendant was being prejudiced by reason of being forced to trial on that date, we are unable to say that the court abused its discretion in refusing a continuance. The defendant had been charged with this crime on December 8, 1938. He was not brought to trial until December 5, 1940, about two years after he had been charged. During

all of this period of time defendant and his counsel could have been preparing their case for trial. There was no showing made as to any particular witnesses necessary to the defense that defendant was unable to procure on account of being forced to trial on that date. An examination of the record shows that all of the people who were in a position to know any of the facts concerning the occurrence out of which the charges grew testified either for the state or defendant. Neither defendant nor the person who was present with him in his automobile on the date of the wreck out of which these charges arose testified.

It is next contended that the evidence is insufficient to sustain the conviction. This contention is without merit. Some of the witnesses for the state testified that in their opinion the defendant was very drunk. Others testified that his actions were abnormal, but refused to give an opinion as to whether he was drunk. There was ample evidence to prove that he was the driver of the automobile.

It is next contended that the court committed error in not sustaining the motion for a mistrial on account of the remarks of the county attorney in his closing argument to the jury which amounted to a comment on the fact that the defendant did not testify.

The record does not show the argument of the county attorney. It does contain a statement by counsel for defendant in the nature of an objection dictated into the record during the argument of the county attorney, which appears as follows:

"County Attorney Sadler, in his argument to the jury, made the following statements: That the testimony of these witnesses had not been contradicted by the defendant, and we objected to it."

The jury was excused when the objection was made and the court asked the county attorney just what statement he had made, to which the county attorney replied that he stated:

"That the testimony of these witnesses was not contradicted by the defense witness, and I deny that the term 'contradicted by the defendant' was used, or any such reference used."

The assistant county attorney also stated that the county attorney did not say what counsel for defendant alleges was stated, but that the county attorney did state that the testimony of the state was not contradicted by the defense witness. After this hearing the court overruled the motion for a mistrial, the jury was recalled and the county attorney finished with his argument.

During the trial of the case the state used several witnesses to prove their case. On behalf of the defendant only one witness, the county jailor, testified. He testified that when the defendant was brought to the jail by the highway patrolman he did not appear to be under the influence of intoxicating liquor. However, it was brought out by the state that this was apparently so long after the wreck had occurred that the defendant had time to recuperate. The testimony of this witness of the defense was not a direct contradiction of the state's witnesses and it would not be improper to so state.

It is unfortunate that a dispute arose as to just what the county attorney stated in his closing argument. The trial court should have been following the arguments closely enough so that he could have dictated into the record what had been said by the county attorney. Of course, his denying the motion for a mistrial after a hearing amounts to a finding that the county attorney did not directly or by inference refer to the fact that de-

fendant did not take the witness stand. In the face of this finding this court will not reverse the case.

The county attorney should have been very careful in his argument not to make a statement which might force the trial court to declare a mistrial. The statute (section 3068, O. S. 1931, 22 O. S. 1941 § 701) makes it mandatory on the trial court to grant a new trial when the prosecutor comments on the fact that defendant did not testify. It is taking a great chance for the county attorney to make any statement which might, in any way, prejudice his case, especially where he has made out a good case against the defendant and there appears no reasonable probability that any jury could do other than return a verdict of guilty.

Lastly, it is contended that the verdict of the jury is excessive and oppressive. No one was injured; the defendant's Buick car brushed against a truck driven by one Earl Morton. Morton's truck was slightly damaged and defendant's automobile suffered considerable damage to a fender. A jury of citizens heard the witnesses, knew all the circumstances, and were in a far better position to fix the punishment than this court. It is only when the punishment assessed is so excessive that this court can readily determine from the record that it was rendered because of passion and prejudice that this court will interfere to modify a penalty imposed by a jury.

In examining the record we find one error not called to our attention in the brief of either the state or defendant. The judgment recites "that the defendant pay a fine of $250.00 and court costs and in his failure to pay same he will be incarcerated in the State Penitentiary at McAlester to satisfy same according to law."

In the case of Ex parte Autry, 58 Okla. Cr. 88, 50 P. 2d 239; and Ex parte Wagner, 58 Okla. Cr. 161, 50

P. 2d 1135, it is settled that a person may not be committed to the State Penitentiary to satisfy a judgment for a fine and costs, but that payment should be enforced by imprisonment in the county jail until the same shall be satisfied.

The judgment and sentence of the district court of Murray county is affirmed and this cause is remanded with instructions to correct the judgment and sentence in conformity to the views herein expressed.

BAREFOOT, J., concurs. DOYLE, J., absent and not participating.