## HARVELL v. STATE.

No. A-11733. June 17, 1953.

(258 P. 2d 702.)

W. C. Henneberry, Tulsa, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

BRETT, J. The plaintiff in error, J. B. Harvell, defendant below, was charged by information in the district court of Tulsa county, Oklahoma, with the crime of assault with intent to kill, Title 21, § 652, O.S.A. 1941, 1951, allegedly committed in Tulsa county, Oklahoma, on June 27, 1951, on the person of Goldie Russell by means of shooting said victim with a pistol. As a result of the said assault Goldie Russell suffered the removal of her right kidney. The defendant was tried, convicted, his punishment fixed by the jury at 9 years in the penitentiary; judgment and sentence was entered accordingly from which this appeal has been perfected.

The defendant and the victim were formerly married and divorced about 1944. The defendant later married another woman and had a family of three children. It appears from the record that the defendant sought to renew his relations with the victim Goldie Russell who had likewise been remarried, but his advances were rejected. About two hours before the attempted killing the defendant purchased a pistol and came to the victim's place of employment and attempted to get her to leave with him, which she declined to do. This apparently enraged the defendant and he drew his pistol, started firing, and shot the victim in the right side, resulting in the loss of a kidney. The weakness of the defendant's position is apparent in view of the fact he made practically no defense. He did not testify in his own behalf but offered the defendant's father, mother and wife, in an effort to try Mrs. Russell and reflect on her morals. The defense attempted to make it appear that Mrs. Russell was responsible for the defendant's advances, and that she and not he was responsible for this unfortunate affair. Such evidence presents a lame defense for the victim had nothing to do with the procurement of the pistol or the use made of it.

The defendant contends the verdict is excessive and the result of passion and prejudice. The record fails to support this contention. The maximum penalty is 10 years under the provisions of Title 21, § 652, O.S.A. 1941, 1951. Counsel for the defendant says in his brief:

"I do not, and will not contend that the defendant should not be convicted * * *. A retrial would result in another conviction, but I believe the court should, in view of all the facts of the case and the conduct of the victim, modify this sentence in keeping with good conscience. * * * If the court will keep in mind that the wife and three small children are really the innocent beneficiaries of the heavy sentence which this man received and that the wife and children did not contribute or have anything to do with the incidents on whch this case is based, and will render judgment accordingly."

We might be moved by such a plea in behalf of the defendant if there was jutification for this attempted killing, and the penalty was excessive. but such is not the case. Moreover, modification of a sentence in a criminal case under Title 22, § 1066, O.S.A. 1941, is a matter of the exercise of judicial power as an award of justice, as distinguished from executive power of commutation, reprieve, pardon or parole, as an act of grace. Parish v. State, 77 Okla. Cr. 436, 142 P. 2d 642. The power to reduce a sentence cannot be exercised arbitrarily but only to prevent injustice. Jones v. State, 10 Okla. Cr. 216, 136 P. 182, 137 P. 121. The matters relied on for a reduction of the penalty herein may be considered by

the Pardon and Parole Board, but not by this court. The defendant cites no cases to support his position, and we know of none. Under the record herewith presented we cannot say the sentence is excessive, or was the result of passion and prejudice. The burden in such a case is upon the defendant, which he has wholly failed to sustain. For all the foregoing reasons, the judgment and sentence is accordingly affirmed.

POWELL, P. J., and JONES, J., concur.