Thomas Earl DRISKELL, Plaintiff in Error,

v.

STATE of Oklahoma, Defendant in Error.

No. A–12243.

Criminal Court of Appeals of Oklahoma.

Feb. 1, 1956.

Hoel & Horton, Stillwater, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., for defendant in error.

JONES, Presiding Judge.

Thomas Earl Driskell was convicted in the County Court of Payne County for driving an automobile on the highway while under the influence of intoxicating liquor, and pursuant to the verdict of the jury was sentenced to pay a fine of $300.

The single issue presented on appeal is the contention of the accused that the fine was excessive.

Three highway patrolmen testified that they were proceeding west on Highway 33 about three miles east of Coyle at approximately 9:30 P.M. when a pickup truck driven by the defendant, Driskell, passed them going east. Just before passing the highway patrolmen Driskell drove about two feet off on the right shoulder of the highway. The patrol car was turned and started in pursuit. The patrolmen each testified that the pickup truck would drive from one side of the highway to the other. The defendant was stopped and the patrolmen each testified that he staggered when he stepped from his truck and was in a drunken condition. The defendant gave the patrolmen his name and his business and told them that he had had too much to drink. A pint bottle about one-third filled with whiskey was found on the seat of the truck.

The defendant testified that on the day in question he worked in a barber shop in Guthrie until about three o'clock and that he then went to a friend's house where he placed some stock racks on his truck preparatory to loading some cattle the following day. That defendant asked his neighbor, Mr. Wax, who was assisting him in putting the sideboards on the truck to go with him to the pasture to look at the cattle; that Wax agreed to go and produced a bottle of whiskey. Each took a drink. Later, about 6:30 P.M., they each took another drink from the bottle. The defendant left Mr. Wax about 6:30 P.M. and drove by Mr. Carey's house to talk to him about the cattle market. He was on his way from Carey's house to Tulsa when he was arrested by the patrolmen. Defendant testified that he was not intoxicated and that he did not know that Wax had left the bottle partially filled with whiskey in Driskell's pickup. He denied telling the officers he had drunk too much and further denied telling the officers that he had had so much trouble that it would drive a man to get drunk. Defendant testified that he had on mud grip tires and that there was a high wind blowing that night which caused the pickup to weave from one side of the road to another and caused him on one or two occasions to drive off of the highway on to the shoulder of the road. Defendant admitted on cross-examination that he had been convicted at Cushing for reckless driving.

A large number of residents of Logan County who were reputable businessmen and farmers, many of them having resided in Logan County for 50 or more years, testified to the good reputation of the accused.

It is established law to which we have long adhered that this court will not interfere with a judgment and sentence pronounced against an accused unless we can say from an examination of the record that passion or prejudice in the trial probably influenced the verdict. In Brown v. State, Okl.Cr., 274 P.2d 779, 780, it was held:

"Criminal Court of Appeals will not interfere with sentence pronounced by trial court where jury returns verdict of guilty but leaves punishment to be assessed by the court unless it is clear that the sentence which was pronounced was manifestly excessive and probably the result of passion or prejudice."

In the body of the opinion it was stated:

"We feel that the trial judge should be in a better position to render a fair judgment where the sentence to be pronounced is left to him than this court, because he has had an opportunity of hearing the evidence and of observing the demeanor of the witnesses, and unless this court can say after an exam-

ination of the record that the sentence thus imposed by the trial court is so excessive that it is manifestly unfair and apparently given under passion or prejudice, we should not modify the sentence so imposed."

There have been cases where we have reduced the penalty. However, in the determination of whether a sentence is excessive, each case must be considered with reference to the facts in that particular case alone. The Legislature, being cognizant of the awful slaughter on our highways and knowing that many of the traffic deaths and injuries are attributable to intoxicated drivers, has fixed the policy of the State so as to require now the imposition of a jail sentence of not less than 10 days in addition to a possible heavy fine. In determining the punishment to be fixed in any case some regard must be had to the exemplary effect which the penalty might have on possible future violators. This court as well as the trial courts has an important and responsible duty to perform to see that prompt and effective punishment is meted out to those proven guilty of driving an automobile on our public highways while intoxicated. Under all the circumstances of the case we do not feel that the fine of $300 was excessive.

Affirmed.

BRETT and POWELL, JJ., concur.