**John Jeff UNDERWOOD, Plaintiff in Error,**

**v.**

**The STATE of Oklahoma, Defendant in Error.**

**No. A–15688.**

Court of Criminal Appeals of Oklahoma.

March 17, 1971.

Rehearing Denied May 18, 1971.

Berry & Berry, Oklahoma, City, for plaintiff in error.

Larry Derryberry, Atty. Gen., Robert H. Mitchell, Asst. Atty. Gen., for defendant in error.

OPINION

BRETT, Judge.

John Jeff Underwood, hereinafter called the defendant, was charged in the District Court of Oklahoma County in case No. CRF–69–112, with the crime of Robbery with Firearms. Defendant entered a plea of Guilty before the Honorable William S. Myers, District Judge of Oklahoma County, who fully and competently advised

him of his right to trial by jury, the consequences of the entry of a plea of guilty, and only after being assured by the defendant that entry of a plea of guilty was free and voluntary and that defendant understood the proceedings and consequences and possible punishment that could be assessed, did Judge Myers accept defendant's plea. Thereafter, the trial court found the defendant guilty as charged; and, upon the recommendation of the District Attorney, defendant was sentenced to fifteen (15) years in the State Penitentiary at McAlester. Judgment and sentence was entered on the 15th day of October, 1969.

Judge Myers advised defendant of his right to appeal, and after defendant stated his desire to appeal his conviction and upon being informed that defendant was without funds to perfect his appeal, the court ordered the transcript of the proceedings to be prepared at state expense.

Defendant was charged under the provisions of 21 O.S. 1961, § 801, which is as follows:

"Any person, who with use of any firearms or other dangerous weapon, attempts to rob or robs any person or persons or who attempts to rob or robs any place of business, residence or other place inhabited or attended by any person or persons at any time, either day or night, shall be guilty of a felony, and upon conviction therefor, shall suffer punishment of death or imprisonment at hard labor in the State Penitentiary for a period of time not less than five years, at the discretion of the court or jury trying the same."

Defendant couches his prayer for reversal in this case upon two propositions. They are:

"1. Punishment meted out to defendant, taking into consideration his good

faith efforts to mitigate same by cooperation with authorities, is disproportionate to the offense charged and shocks the sense of the community and the conscience of reasonable men."

2. Confinement in the State Penitentiary at McAlester will undoubtedly bring about attack by fellow inmates and such situation cannot be corrected."

█ Under his first proposition defendant cites cases discussing the constitutional prohibition against cruel and unusual punishment; however, the Court does not view a sentence of fifteen years for the crime of Robbery with Firearms to be such punishment as shocks the conscience of the Court.

A review of the cases regarding this Court's position on excessiveness of sentence for the crime of Robbery with Firearms reveals that the Court has approved many sentences in excess of fifteen years for the same offense. See: Pierson v. State, 44 Okl.Cr. 413, 281 P. 315. In Vandergriff v. State, 45 Okl.Cr. 335, 282 P. 897, this Court approved a fifty year sentence by reducing a sentence of life, imposed for Robbery with Firearms, to fifty years.

█ Defendant's second proposition is not within the realm of error from the trial court and is therefore denied. The trial record fails to reflect any agreement or other bargaining aspect, which the trial court may have violated, so no error is found.

It is the opinion of the Court in this case that the judgment and sentence imposed in case No. CRF–69–1122, for the offense of Robbery with Firearms, should be, and it is, hereby affirmed.

BUSSEY, P. J., and NIX, J., concur.