**Albert SCOTT, Jr., Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. F–87–523.**

Court of Criminal Appeals of Oklahoma.

Oct. 14, 1988.

Johnnie O'Neal, Public Defender, Tulsa, for appellant.

Robert H. Henry, Atty. Gen., M. Caroline Emerson, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

Appellant, Albert Scott, Jr., was convicted in the District Court of Tulsa County, Case No. CRF–86–3507, of Burglary of an Automobile After Former Conviction of Two or More Felonies. He was sentenced to fifty-five (55) years' imprisonment and brings this appeal.

The facts disclosed by the record reveal that on the evening of September 30, 1986, Jacqueline Parker arrived at her home in Tulsa, Oklahoma. She shut the doors and windows of her car and went inside. Later that evening, one of Ms. Parker's neighbors saw appellant trying to open the rear door of Ms. Parker's vehicle. Unable to gain entry there, appellant tried the driver's door. This one opened, and the neighbor saw appellant climb in on his stomach and start "rummaging around." The neighbor picked up a rifle and directed it toward appellant. Appellant was held at gunpoint on the ground outside the vehicle until the police arrived. The arresting officer testified that the glovebox of the vehicle was open, and its contents were strewn on the floor of the car.

 In the first of two assignments, appellant asserts that the trial court erred in denying his demurrer to the evidence at trial. Whenever the State's evidence alone is sufficient to support the verdict, it is also

sufficient to justify overruling a motion for directed verdict. *Fields v. State,* 666 P.2d 1301, 1304 (Okl.Cr.1983). Appellant put on no evidence after the State rested. After reviewing the record in this case in the light most favorable to the prosecution, we find that a reasonable jury could have found each essential element of the crime charged beyond a reasonable doubt, and we will not disturb the trial court's ruling on appellant's motion for directed verdict. *See, Fields v. State, supra; Spuehler v. State* 709 P.2d 202 (Okl.Cr.1985).

■ Appellant also asserts that the charge should have been reduced to Tampering With a Vehicle under 47 O.S.1981, § 4–104(a). That statute requires a finding of injury or tampering. *Brown v. State,* 546 P.2d 1023, 1026 (Okl.Cr.1976), cited and extensively quoted by appellant, makes it clear that, "'Tamper' in § 4–104(a), means an unauthorized physical alteration or change of a part or portion of a vehicle." The record in this case is devoid of any evidence of injury to or tampering with Ms. Parker's vehicle, and this assignment must fail on its merits.

■ In his remaining assignment, appellant asserts that the jury imposed an excessive sentence as a result of improper comment by the prosecutor in closing argument. As appellant concedes, no objection was raised to any of the allegedly improper remarks. The remarks, if improper at all, fall far short of fundamental error, and we will not address them. *See, Tahdooahnippah v. State,* 610 P.2d 808 (Okl.Cr.1980). The sentence imposed is within the limits set by statute and is not shocking to the conscience of this Court. This assignment must fail. *Edwards v. State,* 663 P.2d 1233 (Okl.Cr.1983).

Finding no basis for reversal or modification, the judgment and sentence of the District Court of Tulsa County is AFFIRMED.

BRETT, P.J., concurs.

PARKS, J., concurs in part and dissents in part.

PARKS, Judge, concurring in part and dissenting in part:

While I concur in the affirmance of the conviction, I agree with appellant's contention that improper comments of the prosecutor resulted in an excessive sentence. As expressed by Judge Bussey in *Freeman v. State,* 681 P.2d 84, 86 (Okla.Crim.App. 1984), "[i]n determining whether the sentence is excessive, we will consider the entire record, including improper matter received without objection, and, where justice requires, will modify the sentence." Here, during closing argument, the prosecutor improperly attempted to incite societal alarm, align the jury with the State, and elicit sympathy for the victim. *See Atterberry v. State,* 731 P.2d 420, 423 (Okla. Crim.App.1986). Even in the absence of timely specific objections at trial, under *Freeman, supra,* I believe the improper comments of the prosecutor inflamed the jury so as to warrant modification. Such improper influence is evidenced by the fact that the jury sentenced appellant to fifty-five (55) years, whereas the prosecutor only recommended forty-five (45) years. *See Ray v. State,* 510 P.2d 1395, 1401 (Okla. Crim.App.1973). Accordingly, in the interests of justice, I would modify appellant's fifty-five (55) year sentence to twenty-five (25) years.