**Anthony Oliver FOX, Appellant,**

v.

**CITY OF TULSA, Appellee.**

**No. M–89–887.**

Court of Criminal Appeals of Oklahoma.

Feb. 12, 1991.

Glenn R. Graham, Tulsa, for appellant.

Neal E. McNeil, City Atty. of Tulsa, Stephen Ray Porter, Asst. City Prosecutor, Tulsa, for appellee.

## OPINION

LANE, Presiding Judge:

On November 9, 1988, Appellant entered a plea of guilty to a charge of Driving Under the Influence of Alcohol in the Municipal Court of Tulsa, Case No. 531752. Pursuant to an agreement with the City of Tulsa, sentencing was continued until April 26, 1989, with the understanding that if Appellant satisfied the terms and conditions of the agreement, the charge would be reduced to the lesser offense of Driving While Impaired. On March 31, 1989, Appellant was again arrested and charged with an alcohol related driving offense.

The City filed a Motion to Accelerate Continued Sentence. On May 9, 1989, after hearing on the applicable issues, the trial court sentenced Appellant to serve sixty days and to pay a fine of three hundred dollars. Appellant has properly perfected this appeal pursuant to Rule 1.2(D)(5)(a) alleging that a number of irregularities during his sentencing hearing resulted in his receiving an excessive sentence. We disagree and affirm the sentence.

■ We have often been called upon to examine the question of whether a particular sentence is excessive. *See Dunagan v. State,* 755 P.2d 102 (Okl.Cr.1988); *Collins v. State,* 751 P.2d 200, 202 (Okl.Cr.1988). Our review will be based on the particular facts and circumstances of each case. *Spencer v. State,* 795 P.2d 1075 (Okl.Cr. 1990). We will not find error unless the sentence is so greatly disproportionate to the crime committed that it shocks the conscience of the court. *Virgin v. State,* 792 P.2d 1186, 1188 (Okl.Cr.1990).

■ As his first assignment of error, Appellant claims that comments by the judge indicate that the sentence was based on arbitrary factors. Specifically, he points to a comment where the court stated, "I don't know what you could have done to violate probation in a more heinous manner. When you're on probation for DUI and you are arrested again for drunk driving...." (Tr. 14). The court indicated that the second violation was reason enough to impose as punishment the full ninety (90) days allowed under the ordinance, however, he did not do so. Instead, he ordered Appellant to serve a term of sixty (60) days and imposed a fine. We find that the term assessed is well within the municipal guidelines. We do not find under the circumstances of the case that the punishment is excessive, accordingly, we will not modify.

■ Next Appellant claims that the trial court erred by imposing a fine of three hundred dollars and costs in light of the fact that he was unemployed at the time of the sentencing. Although he was apparently unemployed at the time of his sentencing, the fine and costs were not due until sometime after Appellant served his time of incarceration. The record does not indicate the financial situation of Appellant and there is no finding of indigency. Additionally, we have no way of knowing what his financial situation will be at the time the money is due. Accordingly, we will not consider this issue at this time. *Rowe v. State,* 738 P.2d 166 (Okl.Cr.1987); *DeRonde v. State,* 715 P.2d 84 (Okl.Cr.1986). The issue must be raised with the trial court at the time when the payment is due. If the court finds that Appellant is in fact indigent, then appropriate relief may be ordered at that time.

Appellant next asserts that the trial court did not give adequate consideration to the mitigation factors offered at the time of sentencing. Appellant makes no specific argument in this regard and does not indicate any portion of the proceedings where mitigating evidence was offered or ignored. We will not make the argument for Appellant, thus we will not consider this issue further.

Appellant also asserts that his sentence was improperly influenced by comments by the prosecutor. In light of the fact that there was no objection to these comments at the trial, we will reverse only if we find fundamental error. *Shelton v. State,* 793 P.2d 866, 871 (Okl.Cr.1990); *Thomason v. State,* 763 P.2d 1182 (Okl.Cr.1988); *Smith v. State,* 737 P.2d 1206 (Okla.Cr.1987), *cert. denied* 484 U.S. 959, 108 S.Ct. 358, 98 L.Ed.2d 383 (1987). We have reviewed the comments and do not find fundamental error, thus, there is no basis for modification of the sentence.

■ Finally Appellant argues that the trial court was without authority to accelerate his "continued sentence." He asserts that the City Code of Tulsa only creates the power to revoke suspended or deferred sentences. The continued sentencing procedures in the municipal courts are established by state statutes. *See* 11 O.S.Supp. 1990, § 28–123. The continued sentencing procedures are identical in nature to the deferred sentencing procedures discussed in the statute. The effect of a continued

sentence is identical to that of a deferred sentence. We are not persuaded that there is any reason to assume that the legislature intended any different result merely because in one section it used the word continued rather than deferred. We find that a "continued sentence" is identical to a "deferred sentence," thus the same rules are applicable to both. Once again, we find no reason to modify Appellant's sentence.

After review of the errors alleged by Appellant, we are unable to conclude that any error has occurred which requires either reversal or modification of Appellant's sentence. Accordingly, the Judgment and Sentence is AFFIRMED.

LUMPKIN, V.P.J., and BRETT, PARKS and JOHNSON, JJ., concur.